HARRIS v. BUFFINGTON, Auditor of Public Accounts.

1. The fees of the clerks of the county courts for services rendered by them under the revenue act of Nov. 23, 1857, (Sess. Acts, Adj. Sess. 1857, p. 75,) are regulated by that act and not by the act of 1855 concerning fees. The clerks are entitled to receive five cents per hundred words and figures for making out and copying the tax books, abstract books, lists and all papers required to be copied or made out under said act of Nov. 23, 1857.

*Petition for Mandamus.*

This was an application to the supreme court in behalf of the clerk of the Callaway county court for a mandamus directed to the auditor of public accounts requiring him to audit a claim of said clerk to fees for certain services rendered by him under the revenue act of November 23, 1857, and to issue his warrant on the treasurer. The clerk claimed fees at the rate of ten cents per hundred words for copies of the tax books; the auditor was willing to allow five cents per hundred words and figures.

*Harden*, for the complainant.

*Ewing*, (attorney general,) for the auditor.

RICHARDSON, Judge, delivered the opinion of the court.

The only question in this case is whether the compensation to the clerks of the several county courts for services rendered by them under the revenue act of 1857 is regulated by that act or by the act concerning "fees" of 1855.

The present revenue law is evidently designed to be complete within itself. It purports to cover the whole ground and seems to be provided with all the machinery necessary for its execution. New duties are imposed on the clerks not contemplated by previous acts and for which no compensation was allowed by the old law, but the comprehensive language of the sixth section of the seventh article prescribes the compensation for all the work of every kind whatever to be performed by the clerks, and without it the law would manifestly be incomplete. That section is as follows: " § 6.

The county clerk shall receive five cents per hundred words and figures for making out and copying the tax books, abstract books, lists and all papers required to be copied or made out under this act."

The only doubt on the subject is suggested by the caption to the seventh article, which would indicate that its provisions were only designed to affect St. Louis county.

The first four sections, which take up nearly the whole space covered by the seventh article, certainly have only a local application, but the fifth section directs the secretary of state to cause the act to be published in pamphlet form and to forward twenty copies thereof to each of the county court clerks in the state ; and as this is a general provision though placed under a local head, the scope of the sixth section ought not to be determined alone by its location.  If provision was made elsewhere in the act regulating the compensation of the clerks, it would be proper to construe the sixth section as applying only to the clerk in St. Louis county ; but as that is the only section that touches the subject and prescribes the fees for services not embraced in former laws, we think it was intended to apply to all the county court clerks in the state.

The mandamus will be refused ; Judge Scott concurring. Judge Napton absent.