DIXON, *Plaintiff in Error*, v. LIVINGSTON COUNTY.

1. **Employment of Special Attorney by County Court.** Section 35, page 205, Wag. Stat., does not authorize a county court to employ a special attorney to attend to county business, when the circuit attorney resides within the county. In such case section 25, page 204, makes it the duty of that officer to attend to the law business of the county.

2. ———, NOT AUTHORIZED BY CHILLICOTHE & BRUNSWICK RAILROAD CHARTER. The power given to the county court of Livingston county by the charter of the Chillicothe & Brunswick Railroad Company to "take proper steps to protect the interests of the county," and to "appoint an agent to represent its interests," did not authorize that court to employ a special attorney for the purpose of prosecuting an action to protect the interests of the county as a stockholder in that company, while the circuit attorney of the circuit lived within the county. It was his duty to prosecute such action.

*Error to Livingston Circuit Court.*

AFFIRMED.

This was an action brought to recover fees claimed to have been earned in the prosecution of a suit by injunction, instituted for the purpose of protecting and securing the rights of the county of Livingston as a stockholder in the Chillicothe & Brunswick Railroad Company. The petition alleged that the plaintiff was employed by the county court at a time when the circuit attorney was necessarily absent from the county attending to his official duties in another county of the circuit, and that if an attorney had not been so employed, the stock of the county would have been sold under a fraudulent deed of trust, and would have been wholly lost to the county. There was a demurrer to the petition, which being sustained, judgment was entered for the county, and the plaintiff sued out this writ of error.

*Chas. A. Winslow* for plaintiff in error, cited Laws 1863–4. p. 485, § 6; 1 Wag. Stat., § 3, p. 408; *Copp v. St.*

*Louis Co.*, 34 Mo. 383: Dillon on Mun. Corp., (1 Ed.) § 399 and notes; *Smith v. Sacramento*, 13 Cal. 531; *Hornblower v. Duden*, 35 Cal. 664; *Langdon v. Castleton*, 30 Vt. 285.

*C. H. Mansur* and *J. M. Davis* for defendant in error, cited *Wolcott v. Lawrence Co.*, 26 Mo. 275; *Reardon v. St. Louis Co.*, 36 Mo. 560; *Delafield v. Illinois*, 2 Hill 174; *McClenticks v. Bryant*, 1 Mo. 598; *St. Louis Co. v. Cleland*, 4 Mo. 85; *Carroll v. St. Louis*, 12 Mo. 444; *Copp v. St. Louis*, 34 Mo. 388; Wag. Stat., 408, § 3; 204, §§ 25, 35; *Clough v. Hart*, 11 Am. Law Reg. (N. S.) 95; *s. c.*, 8 Kas. 487

NORTON, J.—The decisive question presented for determination in this case is, whether the county court of Livingston county, in 1871, could lawfully employ or contract with an attorney to prosecute any suit for and on behalf of said county, the circuit attorney of the judicial circuit in which Livingston county was embraced residing at the time of such employment in said county. It may be stated as settled that the county court could only make such contracts as the law in being at the time might authorize. *Wolcott v. Lawrence Co.*, 26 Mo. 275; *Reardon v. St. Louis Co.*, 36 Mo. 560; *Carroll v. St. Louis*, 12 Mo. 444.

The solution of the question, therefore, involves a consideration of the statute bearing upon it. Section 25, Wag.

1. EMPLOYMENT OF SPECIAL ATTORNEY BY COUNTY COURT. Stat., 204, provides that "the county courts of the several counties are authorized, when they think the interests of the county require it, to appoint a county attorney, who shall be learned in the law, be at least twenty-one years of age, reside at the seat of justice of the county, and who shall hold his office for one year. But no county attorney shall be appointed for any county in which the circuit attorney for the proper circuit resides, but said circuit attorney shall act as the county attorney of said county and receive the same com-

pensation." It is proper to observe that at the time of the alleged employment of plaintiff as attorney by the county court of Livingston county, the law provided that there should be one circuit attorney in each judicial circuit in the State. It may also be observed that the petition of plaintiff alleges that the circuit attorney of the circuit, in which Livingston county was situated, resided in said county of Livingston, and it, therefore, follows under the section of the statute above quoted that all the duties required of county attorneys, so far as related to Livingston county, were devolved on the circuit attorney. The duties thus cast upon him were, that he should prosecute or defend, as the case might require, all civil suits in which the county was interested, represent generally the county in all matters of law, investigate all claims against the county, draw all contracts relating to the business of the county, and give his opinion, without fee, in matters of law in which the county was interested, and in writing, when demanded, to the county court or any justice thereof. § 27, Wag. Stat., 204. The petition of plaintiff shows, upon its face, that the circuit attorney resided in Livingston county, and this fact not only enjoined on him the duty of performing all the services specified in section 27, *supra*, but expressly forbade, under section 25, *supra*, the county court from appointing a county attorney to perform such duties.

Our attention has been called to section 35, Wag. Stat., 205, which it is claimed authorized the county court to enter into the contract upon which plaintiff bases his right of recovery. That section is as follows: "If the county court of any county shall think the interest of said county does not require the appointment of a county attorney, as before provided, said court is hereby authorized to contract with some person professing the qualifications necessary for a county attorney, to prosecute or defend, on behalf of the county, as the case may be, any and all civil suits in which the county is interested, or attend to any matters of law relating to the business of the county, but in no case

shall said contract be for a longer time, or for a larger amount, than specified in the foregoing sections regarding the duration of appointment and compensation of county attorneys." It will be perceived that this section only authorizes the employment of an attorney to prosecute or defend any suit for the county, or attend to any matter of law relating to the business of the county, when the county court shall be of the opinion that the interest of the county does not require the appointment of a county attorney. There in nothing in the petition showing that the county court of Livingston county was of the opinion that the interests of the county did not require the appointment, of a county attorney, and it would seem from the language used in section 25, *supra*, that said court could not dispense with the services required of a county attorney for the reason that in said section it is expressly declared that the circuit attorney residing, as he did, in Livingston county, should act as county attorney. In the case of *Clough v. Hart*, 8 Kas. 487 ; s. c., 11 Am. Law Reg. 95, the same question presented in the case at bar was involved, and it was there held that when the plaintiff relies on a contract with the county which shows on its face that it was for professional services as attorney, which services are such as the law requires to be performed by the county attorney, such contract is *prima facie* void.

We have also been cited to section 6 of the act incorporating the Chillicothe & Brunswick Railroad Company, as authorizing the county court to make the contract or employment on which plaintiff's suit is founded. That section is as follows :

2. ——, not authorized by Chillicothe & Bruns-wick railroad charter.

"It shall be lawful for the county courts of Livingston and Chariton counties  *  *  to subscribe to the stock of said company, and they may respectively invest their funds in the stock of said company,  *  * ·  and take proper steps to protect the interests and credit of the county. Such county court may appoint an agent to represent its interests, give its vote and receive its dividends."

If, in the discharge of the duties required of the agent whose appointment this section authorizes, it became necessary to institute a suit as the proper means of representing the interests of the county, the duty of instituting and conducting such suit, as we have seen, under the laws in existence in 1871, was cast upon the circuit attorney so far as Livingston county was concerned, which duty the circuit attorney could neither evade nor be discharged from either by the county court or its agent appointed under the above section. So if the county court, for the protection of the interests of the county, had deemed the institution of a suit a "proper step" to be taken, it could only employ the agency provided by law for that purpose, which in this instance was the circuit attorney. Regarding the petition as a proceeding to recover for services rendered by plaintiff as an attorney in prosecuting a suit on behalf of Livingston county, we are of opinion that the demurrer to the petition was properly sustained, on the ground that the duty of prosecuting such suit was, by express statute, cast upon the circuit attorney, and that the county court had no warrant in law to employ another attorney to perform this duty. Judgment affirmed, in which all concur.