HUBBARD, *Appellant*, v. TEXAS COUNTY.

1. **County Clerk, Fees of:** ASSESSMENT LISTS. A county clerk is not entitled to fees under Revised Statutes, 1879, section 5600, for filing the assessment lists of taxable property.

2. ———— : ————. Nor are such fees allowed by the provisions of the general revenue law of 1879. ( R. S. 1879, sec. 6862.)

*Appeal from Texas Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*A. H. Livingston* and *John D. Young* for appellant.

The county clerk under Revised Statutes, 1879, section 5600, is entitled to fees "for filing every paper not hereinbefore specified five cents." Under this provision the appellant was entitled to recover. This section has been the law since 1865. Revised Statutes, 1879, section 6862, provides that the county clerk shall be allowed certain fees for certain specified work, but does not make the fees therein mentioned exclusive. It was not the intention of the legislature in passing the revenue law of 1877 to repeal the general law of 1865 in relation to clerks' fees. Repeals by implication are not favored. *Glasgow v. Tindell*, 50 Mo. 60; *McVey v. McVey*, 51 Mo. 406 ; *St. Louis v. Ins. Co.*, 47 Mo. 146 ; *Railroad v. Cass County*, 53 Mo. 14.

*V. M. Hines* for respondent.

There is no authority in Revised Statutes, 1879, section 5600, for charging the county with filing the assessment lists. The revenue law is complete within itself, and no fees can be allowed outside of its provisions. *Harris v. Buffington*, 28 Mo. 53. Statutes relating to

fees are to be strictly construed.  *Shed v. Railroad*, 67
Mo. 687.  See, also, 22 Mo. App.  476 ;· *Gammon v.
LaFayette County*, 76 Mo. 675 ;  *Williams v. Chariton
County*, 85 Mo. 645.

BRACE, J.—The plaintiff presented to the county
court for allowance the following demand :
"HOUSTON, Mo., February 14, 1887.
"Texas county in account with S. M. Hubbard,
county clerk, Dr., 1887, February 4 and 5.   To filing
3,319 assessment lists at $0.05 each, $165.95."
The county court refused to allow the demand and
the plaintiff appealed to the circuit court.   On the trial
in the circuit court, the court declared the law to be,
" that the plaintiff is not entitled to any fee for filing
and preserving the assessment lists delivered to him by
the assessor," and rendered judgment for the defendant
from which the plaintiff appeals to this court.
By the revenue law ( R. S. 1879, chap. 145, sec.
6688), it is provided that the assessment lists " shall be
by the assessor, after he has completed his assessor's
books, filed in the office of the county clerk, and by him,
after entering the filing of the same thereon, be pre-
served and safely kept."   By section 6862 of the same
chapter it is provided that  " the following fees and
compensation shall be allowed to the several officers and
persons herein named for services rendered under the
provisions of this chapter,  viz. :   To clerks :   *First.*
To the clerk of the county court for extending the tax
on the assessor's book three cents for each name, to be
paid by the state and county in proportion to the num-
ber of tax columns used by each.   *Second.*   For making
a copy of the tax book for the use of the collector,
including certificate and seal to the same, every hundred
words and figures ten cents, one-half to be paid by the
state, the other half by the county ; for making an
abstract of the assessor's book for the state auditor five
dollars, and in addition thereto fifty cents for every

hundred thousand dollars' worth of property on such abstract, to be paid by the state. *Third.* For making an abstract of the tax book for the state auditor, including certificate and seal to same, five dollars, and one-tenth of one per cent. of the amount of revenue tax on such abstract, to be paid by the state. *Fourth.* For certifying statements to the auditor, as required by this chapter, or making any certificate required by this chapter, under the seal of said court, seventy-five cents for each certificate and seal, to be paid equally out of the state and county treasury. *Fifth.* For every settlement with the collector thirty-five cents, to be paid equally out of the state and county treasury. *Sixth.* For safe keeping, filing and transmitting the collector's bond to the state auditor, one dollar."

The service charged for in this case was a service rendered under the provisions of said chapter. For all services whatever that may be performed by the county clerk under the provisions of that chapter, the fees and compensation allowed are those provided for in said section, and those only. The comprehensive language of the first paragraph of the section requires such a construction. The specific division of the compensation to be allowed between the state and the county tends to support it, while the fact that the revenue law is a complete system within itself, prescribing service and providing compensation therefor admits of no other conclusion ; and so it was in effect ruled in *Harris v. Buffington,* 28 Mo. 53, in which it was held that the fees of county clerks for services performed under the revenue law are regulated by that law, and not by the law regulating the fees of such officers generally. The revenue law allows no fee for filing assessment lists, and the plaintiff can make no claim for pay for such service under the general fees law, chapter 103, section 5600, Revised Statutes, 1879, under which this claim is made.

The judgment of the circuit court is affirmed. All concur.