BUTLER, *Appellant*, v. SULLIVAN COUNTY.

DIVISION ONE.

1. **County Court's Statutory Powers.** County courts are not the general agents of the state, and have only such authority as is expressly granted them by statute.

2. ———: STATUTORY POWERS, NOTICE OF. Persons dealing with county courts are bound to take notice of the extent of their power and authority.

3. ——: DELINQUENT TAXES: EMPLOYMENT OF ATTORNEYS. Under Revised Statutes, 1879, section 6893, the power to employ an attorney to collect delinquent taxes is given solely to the collector, the county court having only the authority to approve or disapprove the employment.

4. ——: ——: ——. An employment by the county court in such case is void, and creates no liability against the county.

5. ——: EMPLOYMENT OF ASSISTANT ATTORNEYS: REPEAL: REVISED BILL. Section 5 of the amendatory act of March 11, 1873 (Laws, p. 18), authorizing the employment of counsel to assist the prosecuting attorney in the civil business of the county having been omitted from the revised bill of 1879 was thereby repealed.

*Appeal from Adair Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*A. W. Mullins* and *John P. Butler* for appellant.

(1) The county courts in the exercise of their general administrative powers have the right and the power to employ counsel, when public interests are to be subserved. *Henly v. Clover*, 6 Mo. App. 183. Under the act of 1873, county courts are authorized to employ assistant counsel whenever the public business demands it. Sess. Acts, 1873, p. 18; *Thrasher v. Greene Co.*, 87 Mo. 419. Nor is the act or 1873 repealed by the revision of 1879. (2) Without regard to the general power contended for above, section 6893 of the Revised Statutes of 1879 conferred a special power upon the collector, with the approval of the county court, to employ appellant. This section gives to the collector with the approval of the county court the undoubted power to employ attorneys in suits for taxes against railroad companies. The facts in this case show that appellant was employed by the collector as an attorney, and the county court, by its order dated January 9, 1884, approved such employment and fixed the amount of his compensation. Upon this contract the appellant seeks to recover, and respondent's sole defense is a want

of power to make it. Whenever a power is given by a statute, everything necessary to make it effectual is given by implication. Potter's Dwarris on Statutes, 123; *Copp v. St. Louis Co.*, 34 Mo. 388; *Railroad v. Marion Co.*, 36 Mo. 303. County courts are invested with such powers as are conferred by statute, and such as are to be fairly inferred or necessarily implied from those expressly granted. *Walker v. Linn Co.*, 72 Mo. 653; *Sheidly v. Lynch*, 95 Mo. 497.

*J. M. Wattenbarger* and *D. M. Wilson* for respondent.

(1) The county court had no power to employ the appellant, or to say what his fee should be. Even had they endeavored to do so the effort would have proved fruitless; county courts are not the general agents of the counties. Their powers are limited and defined by law. The statute constitutes their manual of attorney, and whenever they step outside of and beyond this statutory authority their acts are void. *Sturgeon v. Hampton*, 88 Mo. 203; *Saline Co. v. Wilson*, 61 Mo. 237. And everyone dealing with such agents is bound to take notice of their powers and authority. *Bauer v. Franklin Co.*, 51 Mo. 205; *State v. Bank*, 45 Mo. 538; *Andrew Co. v. Craig*, 32 Mo. 531. (2) A mere order of the county court is not sufficient to create a liability against the county. The contract must be within the scope of its power and expressly authorized by law. The contract must, in addition to the order, set out the consideration, be in writing, dated, subscribed by the parties thereto, and made in duplicate. R. S. 1879, sec. 5360; *Woolfolk v. Randolph Co.*, 83 Mo. 501; *Crutchfield v. Warrensburg*, 30 Mo. 450. (3) The act of March 11, 1873, under which *Thrasher v. Greene Co.*, 83 Mo. 419, was decided has been repealed. Laws, 1873, p. 18; Laws, 1872, p. 13; *Blodgett v. Schaffer*, 94 Mo. 152; R. S. 1879, sec. 3160.

BRACE, J.—On the twentieth of June, 1887, the plaintiff presented to the county court of Sullivan county for allowance the following demand against said county:

"*Sullivan County, Missouri, in account with Jno. P. Butler, Dr.*

"To legal services as special counsel and assistant attorney in the matter of the collection of taxes against the Chicago, Burlington & Kansas City Railway Company, in the matter of D. H. Crumpacker, collector, etc., at the relation of the state *v.* said company and in the matter of the state *ex rel.* S. C. Hutchinson, collector, etc., *v.* said company as follows:

"Total amount collected in taxes and interest in virtue of instituted suit and proceedings . . . . . . . . . . . . . . . . . .$15,743 72

"Ten per cent. of this sum is $1,574.37, now due me under the order of the county court, dated January 9, 1884, a duly certified copy of which order is hereto attached, marked Exhibit ' A,' this June 20, 1887.

"JNO. P. BUTLER."

The order referred to in the account is as follows:

"STATE OF MISSOURI, } ss. November Adjourned
"County of Sullivan, } Term, 1883.

In the county court of said county on the ninth day of January, 1884, the following among other proceedings were had, viz.:

"John P. Butler appointed as special counsel for Sullivan county.

'Whereas, suit has been instituted in the circuit court of Sullivan county, Missouri, in the case of the state of Missouri at the relation and to the use of David H. Crumpacker, collector of the revenue, plaintiff, against the Chicago, Burlington & Kansas City Railroad Company, to enforce the payment of state and county taxes, which said company refuses to pay, claiming exemptions under certain special charter exemptions claimed by them. And

"Whereas, the suit is of far-reaching importance, in that it involves the taxation of said railroad throughout all future time. And

"Therefore, be it by the court here ordered that John P. Butler be, and he is hereby, employed as special counsel to prosecute the said cause in the supreme court of this state, and, if necessary, to the supreme court of the United States. And to enable said Butler to properly present said cause, and to employ such counsel as he may deem necessary, said Butler shall receive as compensation ten per cent. on all of the unpaid taxes and interest due at the time of the final rendition of judgment in favor of said county whether the same be included in suit or not. And

"Whereas, Putnam county and Linn county are equally interested in obtaining a favorable decision of said cause and in favor of the right to tax said company as claimed.

"Wherefore, it is by the court ordered that N. J. Winters, clerk of this court, be, and is hereby, appointed special agent of this county, to confer with the courts of said Linn and Putnam counties and request them to employ said Butler upon the same terms as herein specified on the part of Sullivan county, then and thereby enabling said Butler to properly prosecute the said cause to final decision in the courts of last resort, and enabling him to employ such counsel as he may deem proper to assist him therein."

The county court refused to allow the demand and plaintiff appealed to the circuit court of said county, and the case was taken thence by change of venue to Adair county, where coming on to be heard, after all the evidence was in, the plaintiff asked four instructions; all of which the court refused to give, and thereupon, upon its own motion, declared the law of the case as follows:

"The only authority to employ plaintiff is found in section 6893, Revised Statutes, 1879. The authority

and provisions to pay assistant counsel as provided in said section are exclusive. That under the evidence the plaintiff has received all compensation for his services the law permits."

To which action of the court in so declaring the law the plaintiff at the time excepted, saves his exceptions herein and assigns the same for error.

In view of the law of the case as declared by the court the plaintiff thereupon took a nonsuit with leave to move to set the same aside. His motion to set aside the nonsuit duly filed, being afterwards overruled, the plaintiff perfected his appeal to this court.

It appears from the evidence that Crumpacker was the collector of Sullivan county in 1882, and that afterwards Hutchinson became his successor; that the Chicago, Burlington & Kansas City Railroad Company refused to pay its taxes for the years 1881 and 1882; that the collector employed the plaintiff as special counsel to bring suit for the recovery of such taxes; that on the third of February, 1883, the plaintiff instituted such suit; that the same came on for hearing at the November term, 1883, of the circuit court, was tried, and taken under advisement by the court; while the case was in this condition the order of the county court of January 9, 1884, on which plaintiff's demand is grounded, was made by the county court. Afterwards a decision was rendered in the circuit court in favor of the railroad company, and the case taken by writ of error to the supreme court; while the case was pending here, Crumpacker was succeeded by Hutchinson, and additional taxes for the years 1883, 1884 and 1885 having become delinquent, the plaintiff, in 1886, brought another suit against the company for the taxes of those years, which was afterwards consolidated with the original suit.

At the April term, 1886, of this court, the judgment of the circuit court in the original suit was reversed and the cause remanded (89 Mo. 523), and in

pursuance of the same opinion another case from another county, involving the same question, but in which the judgment was against the railroad company, was affirmed.    This latter case was taken to the supreme court of the United States, and afterwards affirmed, the plaintiff appearing and making an argument there in support thereof.    After the Sullivan county case was remanded, this court having affirmed the right to levy taxes, the collector was about to proceed to collect the same by distraint, when the railroad company instituted injunction proceedings in the circuit court of Sullivan county.    Failing to obtain a temporary injunction from the judge of that court, they applied for the same to a judge of the district, and afterwards to a judge of the circuit court of the United States.    Pending these proceedings, the county court, on the sixth of November, 1886, made the following order :

" Whereas, the Chicago, Burlington & Kansas City Railway Company have brought suit by injunction in the state courts and in the courts of the United States to enjoin and restrain Samuel C. Hutchinson, collector, from collecting state and county taxes from said company which is not provided for in the contract subsisting between J. P. Butler as special counsel for the collection of said taxes against said company.

" Wherefore, it is ordered that said Butler be further employed as special counsel to defend any and all suits brought by said company against Sullivan county or against the collector of the revenue of other persons seeking to enjoin or prevent the collection of said taxes, and shall receive in compensation for such services all interest on taxes due and to become due up to January 1, 1887.    But in the event that such taxes and interest be not collected he shall receive no compensation for his services as attorney and special counsel in this behalf.

" It being understood that said Butler is to collect said taxes and retain for his compensation all interest

and penalties allowed by law or adjudged by the courts of this state or by the United States against said company by reason of their refusal to pay the same, when due, so that the original taxes as levied and assessed against said company shall be paid into the county treasury."

Afterwards, in November, 1886, the railroad company paid the taxes under protest, the injunction proceedings were subsequently dismissed, and the original suit finally disposed of by the judgment of the circuit court of Sullivan county rendered on the twenty-third of May, 1887, in favor of the collector, for the amount of the taxes sued for, in which judgment the plaintiff was allowed an attorney's fee of $2,500, taxed against the railroad company as costs and paid by it.

The whole amount of taxes and interest collected from the railroad company, for the years 1881 to 1886 inclusive, was $15,734.42. Of this amount $1,743 was paid the plaintiff in pursuance of the terms of the order of the county court of November 6, 1886. The whole compensation thus received by the plaintiff for his services amounts to the sum of $4,234, and in this action he seeks to recover the additional amount of $1,574.37, under the order of the county court of January 9, 1884.

I. The specific ground upon which the circuit court denied the plaintiff's right to recover was that the county court had no power to charge the county with a liability to the plaintiff for the amount sued for, in compensation for his services as an attorney in the collection of the taxes levied upon the property of the railroad company, and sued for as stated. If the county court had such power it must be because some statute conferred it; for we have repeatedly ruled that such courts are not the general agents of the counties or the state, and only have such authority as is expressly granted them by statute; beyond the limits of such grant their acts are void. And persons dealing with such agents are bound to take notice of their power and

authority. *Sturgeon v. Hampton*, 88 Mo. 203, and cases cited.

The only power conferred upon county courts in respect of the employment of special counsel to prosecute suits for taxes on railroad property is contained in section 6893, Revised Statutes, 1879, which provides that "it shall be the duty of the prosecuting attorney of each county to prosecute all suits for taxes under this article. County collectors shall have power, with the approval of the county court, * * * to employ such attorneys as may be deemed necessary to aid and assist the prosecuting attorney in conducting and managing such suits; and the court in which suit is brought shall, if plaintiff obtains judgment, allow such attorneys a reasonable fee for bringing and conducting such suit, which shall be taxed against the defendant, and paid as other costs in the case. At the request of the collector, the governor may direct the attorney general to assist in the prosecution of any such suit."

The statute neither authorizes the county court to employ counsel nor to charge the county with liability for his compensation. The power to employ an attorney is granted solely to the collector; this compensation and the liability therefor is provided for by the law. The only power granted to the county court is to approve or disapprove of such employment, and thereby fix the *status* of the attorney employed by the collector as to his right to such compensation when his right to, and the amount thereof, comes to be ascertained by the court in which the tax suit is determined, and the liability therefor fixed by the final judgment of such court.

This state, by law, has made ample provision for the collection of its revenue for all purposes. In the exercise of its prerogative, it makes use of certain officials, designated as county officers, to whom are assigned specific duties, and, among others, the county courts. But this statute confers no power upon the

county court to cast upon the county the burden or cost of such collection. Nor is there anywhere in the statutes to be found an act conferring such authority. As conferring such authority, we are cited to an act, approved March 11, 1873, amending an act approved March 9, 1872, entitled "An act to abolish the offices of circuit and county attorneys by adding a new section, to be denominated section 5."

That amendment reads as follows:

"Sec. 5. The county court of any county in this state may employ on such terms as said court shall deem proper by an order, made of record, one or more attorneys-at-law to aid and assist the prosecuting attorney of such county in any civil business, when, in the judgment of such court, the interest of the county requires such assistance." The act of 1872, to which this section was amendatory, was revised and amended in 1879 (R. S. 1879, art. 2, ch. 9), and section 5 of that act omitted, and thereby the same was repealed. R. S. 1879, sec. 3160. If, however, it had not been repealed, the power thereby granted would have no application to the case in hand.

The civil business of the county in the transaction of which the county court was thereby empowered to employ the necessary assistance of counsel had no reference to the power of the county court when acting as the agent of the state in the matter of the assessment, levy and collection of the general revenue; but strictly to its business as a municipality, as in *Thrasher v. Greene Co.*, 87 Mo. 419. Besides the revenue law is, in itself, a complete system prescribing service, and providing compensation for such service, and such compensation is necessarily exclusive. *Hubbard v. Texas Co.*, 101 Mo. 210; *Harris v. Buffington*, 28 Mo. 53.

Other grounds in support of the conclusion reached by the circuit court might be stated, but these are sufficient. The judgment is affirmed. All concur.