*Fraudulent conveyance.*

---

DRAINAGE DISTRICT No. 1, Respondent, v. CHARLES DAUDT, Appellant.

St. Louis Court of Appeals, April 12, 1898.

1. **Corporation:** PUBLIC: BOARD OF SUPERVISORS OF DRAINAGE DISTRICT IN ST. CHARLES COUNTY: ULTRA VIRES. The board of supervisors are not the general agents of the drainage district; their powers are limited and defined by public statutes, and all persons dealing with them are bound to take notice of the limitations of their authority.

2. ———: ———: ESTOPPEL. Public corporations like the respondent are not bound by the unauthorized acts of their statutory agents, and are not estopped under any circumstances to repudiate their unauthorized and illegal acts—such acts are not the acts of the principal.

*Appeal from the St. Charles Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED.

C. J. DAUDT for appellant.

Where a contract, *ultra vires* a corporation, has been fully performed by either party, the other party will not be permitted to set up the illegality of the other without a return of the benefits received or the value thereof. Reese, Ultra Vires (1897), sec. 191; East St. Louis v. Gas, Etc., Co., 98 Ill. 415; State Board of Agriculture v. R'y, 47 Ind. 407; Hitchcock v. Galveston, 96 U. S. 3412; Water Co. v. Columbus, 48 Kan. 99; 15 L. R. A. 354; Foundry Co. v. Co. Com'rs, 115 Ind. 244; Bradley v. Ballard, 55 Ill. 413; 8 Am. Rep. 680. The board of supervisors had power to employ legal counsel in any litigation or upon any matter in which it was necessary to protect the interests of the drainage district. Henley v. Clover, 6 Mo. App. 183; 15 Am. and Eng. Ency. Law, pp. 1041, 1118; 4 Am. and Eng. Ency. Law, pp. 383, 245; Rice v. Gwinn, 49 Pac. Rep. 412; Brand v. City of Antonio, 37 S. W. Rep. 340. The fact that defendant was one of the five supervisors of plaintiff did not disqualify him from entering into a contract with the other four, if done in good faith, for the performance of services not connected with his duties as supervisor. Patrick v. Boonville Light Co., 17 Mo. App. 468; Bennett v. St. Louis Car Roofing Co., 19 Mo. App. 349; Pfeiffer v. Lansberg Brake Co., 44 Mo. App. 67.

THEODORE BRUERE & SON and T. F. McDEARMON for respondent.

The fact that defendant was one of the supervisors of plaintiff disqualified him from receiving any com-

pensation for services performed as an attorney for plaintiff. Defendant admits in his answer that at the time of his employment as counsel in the drainage back tax suits and at the time the five warrants, each for $100, were issued to him, he was a member of its board of supervisors. Section 6524, Revised Statutes of 1889, expressly provides: All members of the board, except the secretary, shall serve without compensation. Section 6528 reads: "In order to defray the expenses of topographical survey and constructing any ditch, drain, dyke or other works, maintain the same and to pay such officers, servants and employees as are allowed compensation by law the said board of supervisors may order the assessment of a tax not exceeding fifty cents on each acre." The appellant's proposition number 3 or assignment of error finds no support in the law of public corporations. The supervisors of district number 1, plaintiffs herein, had no authority under the law to employ defendant to prosecute suits for delinquent taxes due said district. The county collector, by and with the approval of the county court, could alone employ an attorney for this purpose. These taxes were to be collected in the same manner as the state and county taxes were collected. These propositions have been directly passed upon and settled by our supreme court in the cases of the State ex rel. v. Angert, 127 Mo. 456, and Butler v. Sullivan Co., 108 Mo. 630.

BLAND, P. J.—The respondent is a public corporation, organized under section 6517, Revised Statutes 1889, concerning swamp and overflowed lands, the object being for the drainage and protection of a considerable body of land in St. Charles county. The affairs of the corporation are administered by a board of five supervisors. From 1884 to November 14, 1896, the appellant was a member of the board of supervisors

of the district.    On January 21, 1889, the board passed the following resolution:    "On motion, resolved, that C. Daudt be appointed to look after the back taxes due this Drainage District."    At that time there was due to the district about $1,500 of back, or delinquent taxes for the years 1885, 1886 and 1887, and it was understood by the board that some of the taxpayers in the district intended when pushed, to resist the payment of their drainage tax.    On April 1, 1895, there was $2,071 of back taxes due the district

STATEMENT.    for the year 1891.    The collector, through Theodore Bruere, his tax attorney, in 1891 brought suit against Henry Angert for back taxes alleged to be due from him to the district.    On September 7, same year, a demurrer was filed to the petition, which was by the court sustained, upon the ground that the law did not give the district a lien upon lands for the drainage tax, and for want of proper or sufficient description of the real estate sought to be charged with the lien. Mr. Daudt (appellant) thereupon prepared an affidavit for appeal, and submitted it to the collector and requested him to take an appeal.    This the collector refused to do, and stated that he had been advised by Mr. Bruere, his attorney, not to take an appeal.    Appellant then had the board of directors called together, to whom he reported the condition of the case, whereupon the board passed the following resolution, viz.: "Resolved, that C. Daudt, Esq., attorney for this district be authorized and directed to take an appeal from the decision of the circuit court of St. Charles county in the case of State to the use of Collector v. Henry Angert."

Daudt took the appeal.    The case was sent to the St. Louis court of appeals, and from there transferred to the supreme court.    Mr. Daudt briefed the case in the supreme court and that court reversed the

judgment of the circuit court, and decided that the district did have a lien on the lands in the district for drainage tax, and that the petition in the Angert case was sufficient. Mr. Bruere, the tax attorney, was delinquent on drainage tax due to the district for 1891, and had refused to pay, for the reason, as he stated, that in his opinion the debts of the district were all paid. He also stated to Mr. Daudt that he did advise the collector not to appeal the Angert case, unless the district would give bond for the cost of the appeal. The affidavit for the appeal was made by Daudt, and the appeal taken without consulting Mr. Bruere. Daudt prosecuted the appeal without the aid of Bruere and without consulting him. After the decision of the supreme court favorable to the district, Daudt on April 10, 1895, presented his account in the sum of $500 against the Drainage District for attorneys' fees in the Angert case. His account was duly allowed and five warrants for $100 each, numbered 501, 502, 503, 504 and 505 were issued and delivered to him. Two of these, numbers 501 and 502 with accrued interest had been paid when this suit was begun. The petition is in equity and contains two counts: The first count sought to recover the amounts that had been paid appellant on warrants numbers 501 and 502, on the ground that the employment of Daudt by the Drainage District as its tax attorney was *ultra vires* and void. The second count on the petition asks that the other warrants issued to and held by appellant be canceled and the contract be declared void, for the reason that it was beyond the power of the district to make the contract. The answer set up as a defense substantially the facts hereinbefore stated. Daudt also brought in the unpaid warrants, filed them with the answer, and prayed judgment upon them against the district. A reply was filed. The issues were tried

by the court and found for plaintiff. Appellant was required to refund what he had received on warrants numbers 501 and 502, and his other warrants were declared illegal and void, and were canceled. At the close of the case a number of declarations of law were asked, of which we will notice but one, as that indicates clearly the view the trial court had of the law of the case, which declaration is as follows:

"The court declares the law to be that the employment of defendant by the board of supervisors of Drainage District number one, as special counsel to assist the tax attorney in enforcing the payment of taxes levied by said district and the issuing of five warrants by said board each for one hundred dollars, in payment of his services as such special counsel, were *ultra vires*, illegal and void; the verdict on the first count of plaintiff's petition must therefore be for plaintiff for the amount defendant received on the first two warrants, together with six per cent interest from date of demand." Appellant in due time filed his motions for new trial and in arrest of judgment, which being overruled he appealed.

Section 6528 of the Revised Statutes of 1889 provides, among other things, that supervisors of Drainage Districts, shall, by resolution, order the assessment of a tax; that a copy of this resolution shall be certified by the secretary of the board, under the seal of the district, to the clerk of the county court of the county in which the lands are situated, and that the clerk of the county court shall extend the levy on the tax book of the county, on the real estate to be benefited, situated in said district, in the same manner that other taxes are now extended, in a column under the heading of "drainage tax," that this tax shall be collected by the collector of the county in which the real estate is situated. In the case of State ex rel. v. Angert, 127 Mo.

456, the supreme court construing this section, held
that these drainage assessments create a lien which
may be enforced as other liens under the general
revenue act, and at page 463 of the opinion it is said,
that "the tax, if not paid, shall be returned as delin-
quent, like other taxes extended on the tax book, like
them carried into the back tax book, and like them be-
collected by suit and judgment against the land in the
manner provided for all other taxes extended on the
tax book." It is made the duty of the collector under
section 6528, *supra*, to pay the drainage tax collected
by him to the treasurer of the county in which the
greater portion of the Drainage District lies, and by
the succeeding section such county treasurer is made
*ex officio* the treasurer of such Drainage District, and it
is made his duty to pay warrants drawn on him by the
board of supervisors of the district. It thus appears
that all the jurisdiction of official concern the board of
supervisors has or can have of the drainage tax is to
make the levy and to draw warrants upon the funds of
the district after they are collected. With the tax col-
lection they have nothing to do; this is placed entirely
in the hands of the collector of the revenue of the
county in which the lands to be benefited are situated.
It was therefore beyond the power of the board of su-
pervisors to employ Mr. Daudt as tax attorney. In the
case of Butler v. Sullivan Co., 108 Mo. 630, it was
held that the county court could not employ special
counsel and assistant attorney in the matter of collect-
ing delinquent taxes. In that case it was said that
"county courts are not the general agents of the county
or state, and only have such authority as is expressly
granted them by the statute." * * * That "this
state, by law, has made ample provision for the collec-
tion of its revenue for all purposes." * * * That
"the revenue law is, in itself, a complete system pre-

scribing service, and providing compensation for such service, and such compensation is necessarily exclusive." Citing Hubbard v. Texas Co., 101 Mo. 210; Harris v. Buffington, 28 Mo. 53.

Appellant undertakes to avoid the force of these decisions against him, by relying upon what he terms the incompetency of Mr. Bruere by reason of interest to prosecute the Angert suit. The answer to this contention is, that he should have appealed to the collector for the appointment of some other attorney, instead of the board of supervisors, who were powerless to remove or appoint a general or special attorney. Appellant's further contention is that the district has received the benefit of his services and should not now be heard to repudiate its contract to pay for such services; that in equity and good conscience it should be estopped to plead *ultra vires*. The board of supervisors are not the general agents of the district; their powers are limited and defined by public statutes, and PUBLIC corporation not bound by illegal acts of statutory agents. all persons dealing with them are bound to take notice of the limitations of their authority. Butler v. Sullivan Co., *supra;* Sturgeon v. Hampton, 88 Mo. 203; Dixon v. Livingston Co., 70 Mo. 239. Public corporations like the respondent are not bound by the unauthorized acts of their statutory agents, and are not estopped under any circumstances to repudiate their unauthorized and illegal acts—such acts are not the acts of the principal (the corporation). Heidelberg v. St. Francois Co., 100 Mo. 69; Johnson v. School District, 67 Mo. 319; Maupin v. County, 67 Mo. 327; Saline Co. v. Wilson, 67 Mo. 237. The appellant rendered the respondent valuable services—services that were needed to preserve the life of the corporation, and doubtless he earned every dollar he charged the district, but, as we have seen, the board of supervisors transcended their authority

when they made the contract, and the district is not bound by it; nor can the district appropriate money to pay appellant's warrants. To do so would be a misapplication of its funds. For obvious reasons the law is written this way, and we affirm the judgment. All concur.