EVERETT M. KING v. MARIES COUNTY, Appellant.

Division One, March 5, 1923.

1. **COUNTY COURTS: Specified Powers.** A county court is not the general agent of the county, but has only such powers as are expressly given it by statute, with the qualification that the express grant of power carries with it such implied powers as are necessary to carry out or make effectual the purposes of the authority expressly granted.

2. ————: ————: **Employment of Abstracter of Titles: Delinquent Taxes.** The county court prior to 1921 (Laws 1921, p. 673) had neither express nor implied powers to employ the owner of a set of abstract books to make and furnish a list of the owners and a true description of all lands in the county embraced in back tax bills issued by the collector, and to pay him a designated sum for each list so furnished. The duty of collecting delinquent taxes and of bringing suit therefor, and of ascertaining the name of the owner of the land, and if not known, to whom the same was last assessed, had by statute been devolved upon other county officials, and hence the county court could not employ an abstracter of titles to make a list of the owners of land from whom back taxes were due, and though such abstracter complied with the terms of his employment he cannot recover from the county the moneys agreed to be paid him for his services rendered.

Appeal from Osage Circuit Court.—*Hon. R. A. Breuer,* Judge.

REVERSED.

*Homer Rinehart* for appellant; *Ira H. Lohman, Vosholl & Monroe* and *John W. Terrill* of counsel.

(1) The instruction in the nature of a demurrer should have been given at the close of respondent's testimony and at the close of the case. (a) No contract was entered into between the parties. It was not in writing, and dated when made and subscribed by the parties thereto or their agents. Sec. 2164, R. S. 1919. (b) County courts have only such authority as is expressly granted to them by statute. They are not the general agents of the counties. They are courts of limited jurisdiction, with powers well defined and limited by the laws of the State. The statutes constitute their warrant of authority, and when they act outside of and beyond their statutory authority, their acts are null and void. Persons dealing with said courts or agents are bound to take notice of their power and authority. Butler v. Sullivan County, 108 Mo. 630; Sturgeon v. Hampton, 88 Mo. 213; Bayless v. Gibbs, 251 Mo. 492, 506; Cape Girardeau S. W. Ry. Co. v. Hatton, 102 Mo. 45; Bauer v. Franklin County, 51 Mo. 205. (c) The work for which the county court made the order was not for the county's benefit, but was for the use and benefit of the attorney for the collector. It was his duty to examine the records and ascertain against whom suit could be brought, and the county court had no express authority by statute, nor any powers arising by necessary implication from a statute, to order this work done for the benefit of the tax attorney. (d) The revenue law is designed to be complete within itself. It purports to cover the whole ground and seems to be provided with all the necessary machinery for its execution. Harris v. Buffington, 28 Mo. 53; Hubbard v. Texas County, 101 Mo. 212.

*F. H. Farris* and *Gove & Davidson* for respondent.

(1)   Appellant seeks to avoid this judgment on the ground that the contract was not made and entered into in writing, as required by Sec. 1264, R. S. 1919. They overlook the fact that the contract as made was spread upon the records of the court, a more solemn and official declaration than attaching their signature to a written contract otherwise prepared. They further overlook the fact that upon this order entered of record, respondent fully performed his part of the contract, and complied with the order; and the memorandum or order of record, with full compliance on the part of the defendant completes the contract, regardless of said statute, and entitles respondent to recover for his services. California v. Telephone Co., 112 Mo. App. 727; Platte City v. Paxton, 141 Mo. App. 182; Water Co v. City of Aurora, 129 Mo. 578. Respondent not only accepted the terms of the contract, but actually performed, fulfilled and completed his part of the contract. A full performance of a contract upon his part, if the county had authority to make the contract in writing, would take any defective contract made by appellants out of the Statute of Frauds, and entitle him to recover. Hubbard v. Glass Works, 188 Mo. 39; Hall v. Harris, 145 Mo. 622; Phelps v. McCaw, 240 S. W. 845. (2) County courts or county boards may contract for printing, stationery, indexing or transcribing county records and for making all lists of property within the county, its valuation, owners, etc. And may employ counsel other than the official attorney to represent it in civil suits in which the county is interested. County courts may in the exercise of powers conferred upon them appoint agents to discharge ministerial duties, not calling for the exercise of reason or discretion, but cannot go beyond this and delegate to others duties the discharge of which calls for the use of reason and discretion, and which are regarded as public trusts. With these limitations, county courts have power to appoint such agents, officers and servants as may be required for county purposes, and which are not otherwise provided for by law, or by the Constitution. 11

Cyc. 470, 471, 473.  (3)  The order of the court in this case was made in order to facilitate and to enforce the collection of taxes, and. thereby to secure revenue for the county for its support, and over which and in the expenditure of which the county court had full control. An accurate description of land is essential to a valid assessment, and without a valid, assessment, collection of taxes cannot be enforced.  State ex rel. v. Burrow, 174 Mo. 700.  The county court.is required to examine and compare the delinquent lists with, the lists of lands and town lots on which the taxes remain due and unpaid, to see if said lots have been assessed more than once, or if any of said lands are not subject to taxation, or if it be incorrectly described, and shall correct such error by the best means in their power, and shall cause the list so corrected to be certified and filed in the office of the clerk of the county court;  and shall cause the amount of the state, county and municipal taxes to be entered on record, etc.  Sec. 12934, R. S. 1919.  Such list shall be used by the clerk in making the back tax book.  Which, when made, shall be delivered to the collector, whose duty it is to collect the taxes;  and the county court may prepare a corrected back tax book for the use of the collector.  Sec. 12935, R. S. 1919.  The county court shall make up a back tax book, the same being a correct list in numerical order of all lands upon which back taxes shall be due, setting forth opposite each tract of land the name of the owner, if known, and if not, then the name to whom the land was assessed, the description thereof, etc.;  and when completed shall be delivered to the collector.  Sec. 12940, R. S. 1919.  The county court may compromise taxes due and certified on the back tax book.  Sec. 12942, R. S. 1919.  The collector may enforce back taxes by suit, and may employ attorneys with the approval of the. county court, and the suits shall be based on the back tax book, and when begun, notation made thereof.  Sec. 12944, R. S. 1919.  Suits when commenced shall be prosecuted against the owner of the property, if known, and if not known, then against the last owner

of record as shown by the county records, at the time the
suit was brought, and all lands owned by the same person
may be included in one petition and in one count thereof.
Sec. 12945, R. S. 1919. County courts have control and
management of the property, real and personal, belong-
ing to the county, shall have power to purchase lands
or receive by donation, property for the use of the coun-
ty, to sell and convey the property belonging to the coun-
ty, and appropriate the proceeds thereof to the use of
the county. And to audit and settle all demands against
the county. Sec. 2574, R. S. 1919. The county court shall
have power to audit, adjust and settle all accounts, to
which the county shall be a party, to order the payment
out of the county treasury of any sum of money due by the
county on such account, to enforce the collection of mon-
ey due the county, etc. Sec. 9560, R. S. 1919. The coun-
ty court is specially entrusted with the duty of preserv-
ing property belonging to the county, and have the right
to appropriate money from the treasury for the proper
execution of these duties, and therefore, have authority,
although it was the duty of the recorder to keep up their
indexes of their records, to order an index to be made to
the books of recorded deeds. Boggs v. Caldwell County,
28 Mo. 586. County court is the general fiscal agent of
the county, and is possessed of a supervisory power over
the collection and preservation of its funds. Blades v.
Hawkins, 240 Mo. 196. (4) While our courts have ad-
hered to the rule stated in the beginning, yet their ap-
plication of that rule has been liberal, sensible and rea-
sonable, and by analogy at least, the Supreme Court has
said that that paragraph of Section 9560, which says,
"The county court shall have power to enforce the collec-
tion of money due the county," means that the county
could do anything reasonably necessary in the perform-
ance of their duty. Ewing v. Vernon County, 216 Mo. 681;
Harkreader v. Vernon County, 216 Mo. 696. "Furni-
ture" has been defined to mean supplies and equipment,
and a telephone has been held as a necessary article of
furniture, and a county liable to pay for one installed

in the office of the county recorder. Smalley v. Dent
County, 177 S. W. 621. (5) Wherever a duty or power
is conferred by statute upon a public officer, all necessary
authority to make such powers fully efficacious or to
render the duties effectual is conferred by implication.
Thus, under R. S. 1909, sec. 11410, empowering the State
Board of Equalization to take all evidence it may deem
necessary to enforce the true value of property, the
Board may employ a stenographer to take such evidence.
State ex rel. Bybee v. Hackmann, 207 S. W. 64. (6)
The county court is the agent of the county, and has
full power and may lawfully and of right do whatever
is necessary to carry out and execute the trusts reposed
in it. A grant from the Legislature investing the coun-
ty court with power to do certain acts, necessarily implies
the power to use the fit and appropriate instruments to
accomplish the objects sought to be obtained. Hannibal
& St. Joe Ry. v. Marion Co., 36 Mo. 303. Walker v. Linn
Co., 72 Mo. 653; Sheidley v. Lynch, 95 Mo. 487.

LINDSAY, C.—Respondent brought suit in the Cir-
cuit Court of Maries County, against that county, and
against the individuals composing the county court, and
the collector of revenue of the county, to recover six
hundred and fifty-four dollars alleged to be due respond-
ent, the owner of a set of abstract books, for making and
delivering a list of all names of owners and true de-
scription of lands, embraced in one hundred and eighty-
seven separate tax bills, at the rate of three dollars and
fifty cents for each tax bill. A change of venue was
taken to Osage County, where respondent dismissed as
to the individual defendants, and a trial resulted in a
verdict and judgment against Maries County for the
amount asked. The county has duly appealed there-
from.

The petition, after stating the official relation of the
defendants, and that the plaintiff was engaged in the
making of abstracts of title to land in Maries County,
alleges that the judges of the county court, acting for

Maries County, by an order duly made and entered of record at the regular May term, 1922, employed the plaintiff to run down the title and furnish a list of all names of owners, and a true description of all lands embraced in back tax bills issued by the collector, and agreed to pay plaintiff as compensation therefor the sum of three dollars and fifty cents for each tax bill; that the lists and descriptions so to be furnished were to be used in the preparation of back tax bills and in bringing numerous suits for back taxes against the record owners of lands in Maries County, pursuant to the purpose of the county court and county collector to bring such suits for the collection of public moneys due. Plaintiff alleged that in compliance with the order he had made and delivered the list of names and true description for one hundred and eighty-seven separate tax bills, and had performed all the labor required of him under his employment, whereby the county had become indebted to him in the sum mentioned.

The county answering, without making general denial of the allegations in the petition, denied that it was indebted to plaintiff in any sum; denied that the county court had the right to employ plaintiff to perform the service above described, or to agree to pay him therefor the sum of $3.50 for each tax bill, or any other sum. The county further answering set forth the order of the county court of May 23rd, 1919, which is as follows:

"Ordered by the court that L. B. Hutchinson, Sr., be appointed as tax attorney for the ensuing year.

"Ordered by the court that E. M. King be employed to run down the title and furnish a list of all names of owners and a true description of all lands embraced in back tax bills issued by the Collector of Maries County and that he receive as compensation $3.50 for each tax bill.

"Ordered by the court that in all tax suits brought in this county for the ensuing year for back taxes there be assessed and collected and charged as cost the sum of $3.50 for each back tax bill; the same being the ex-

penses incurred by the county in getting a true description of the land and a correct name of the defendant and the sheriff, collector and circuit clerk are instructed to collect said above amount on all suits for back taxes and charge as cost."

Continuing, the county averred that its county court had no power or authority to employ said L. B. Hutchinson, Sr., as tax attorney for the ensuing year or for any length of time, or to employ plaintiff for the purpose mentioned, or to order that plaintiff should receive the compensation specified, or any other sum, and the county also denied that by said order the court was authorized to instruct the sheriff, collector and circuit clerk to collect said amount of $3.50 in all suits for back taxes and charge the same as cost.

Upon the trial defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action against Maries County, and more particularly, that it was a suit upon account arising out of a contract whereof the items were not set out, and that the contract was not in writing signed by the parties as required by the statute governing contracts made by a county. These objections were overruled by the court.

The evidence showed that the plaintiff made abstracts or lists and descriptions to the number sued for, and delivered them in part to the tax attorney and in part to the collector; and that the tax attorney brought sixty-four suits during the year 1919. For reasons not clear from the testimony, and not important to consider here, the officials did not collect the item of cost for the list from defendant taxpayers. The defendant showed that the collector did not in writing appoint the tax attorney, but the person named in the order of the county court was in fact selected by the collector and acted in that capacity in the year 1919.

The plaintiff, as has been indicated above, alleged that the county court "by its order duly of record, employed the plaintiff." It was not alleged that a contract,

*eo nomine,* was entered into between plaintiff and defendant.

The defendant pleaded the order, setting it forth in full, while denying the authority of the court to make it. The plaintiff put in evidence on the trial a certified copy of the order. The suit was thus founded upon the order, and tried upon the theory that the order was the sole evidence in writing of the contract. Thereby was excluded any presumption of there being a contract in writing signed by the parties. The primary question in this case is, whether the county court had power to hire plaintiff to render the service and to lawfully charge Maries County with an obligation to pay for it.

It has been held uniformly that county courts are not the general agents of the counties, or of the State. Their powers are limited and defined by law. They have only such authority as is expressly granted them by statute. [Butler v. Sullivan County, 108 Mo. 630; Sturgeon v. Hampton, 88 Mo. 203; Bayless v. Gibbs, 251 Mo. 492; Steines v Franklin County, 48 Mo. 167.] This is qualified by the rule that the express grant of power carries with it such implied powers as are necessary to carry out or make effectual the purposes of the authority expressly granted. [Sheidley v. Lynch, 95 Mo. 487; Walker v. Linn County, 72 Mo. 650; State ex rel. Bybee v. Hackmann, 276 Mo. 110.]

In this case there is no claim that there was any statute which expressly gave to the county court power to employ the plaintiff in the capacity here involved. If such power existed at all it must be looked for among those powers which can be implied only as being essential to effectuate the purpose manifested in an express power or duty, conferred, or imposed upon the county court by statute. If such a power existed it must be one related to the subject with which the court was attempting to deal, and necessary to be exercised by the court in the discharge of a duty imposed by law upon that body. The matter dealt with was the collection of back taxes, and the bringing of suits of the county collector to recover

unpaid back taxes. For this certain statutory provisions have been made. These provisions as then existing may be seen by reference to the appropriate sections of the Revised Statutes of 1919.

By Section 12940 it is provided that within thirty days after the settlement of the collector, in the odd-numbered years, the several county clerks in each county shall make in a book to be called the "back tax book" a correct list, in numerical order, of all tracts of land and town lots on which back taxes shall be due in such county, setting forth opposite each tract of land or town lot, *the name of the owner, if known,* and *if the owner thereof be not known, then to whom the same was last assessed.* The same section provides also that the book thus made shall show in appropriate columns the amount due, not only for taxes and interest, but the amount of the clerk's fees then due and charged against each tract or lot. By further provisions the clerk's fees shall bear interest, and this book when completed is to be delivered by the clerk to the collector of the county.

By Section 12944 it is made the duty of the collector to enforce payment of back taxes by suit; and, for that purpose he is authorized to employ such attorneys as he may deem necessary, who shall receive as fees in any suit not to exceed ten per cent of the amount actually collected and paid into the treasury, as may be agreed upon in writing, and approved by the county court. The fee of the tax attorney is to be taxed as costs, and no fee or compensation can be paid him for such service except as provided in said section.

Section 12945 governs the form of action and manner of prosecuting suits for back taxes. The suit shall be brought at the relation and to the use of the collector, and "against the owner of the property, if known, and if not known, then against the last owner of record as shown by the county records at the time the suit was brought." The facts last mentioned and others are to be set forth in the tax bill authenticated by the collector, and filed with the petition.

297 Mo.—32.

The sections referred to thus set forth the scheme of the State, to be pursued by the county officials in the collection of back taxes by suit, or otherwise. Their duties are prescribed, and their compensation is fixed. Duties are imposed upon the county clerk, the county collector, and the attorneys employed by the latter. The county court has a supervisory control in fixing the compensation of the attorneys, which must be agreed upon in writing, and cannot exceed the prescribed limit. The duties imposed by these statutes include the very thing wherein, in this case, the county court undertook to go outside of the limits prescribed and the officials named, and to employ an additional agency, and provide for an additional compensation.

As the law then was the county court was without such authority. The complete and explicit provisions made exclude the one adopted in this case. The action of the county court assumed to cast upon the county an unauthorized charge. "This State, by law, has made ample provision for the collection of its revenue for all purposes. In the exercise of its prerogative, it makes use of certain officials, designated as county officers, to whom are assigned specific duties, and, among others, the county courts. But, this statute confers no power upon the county court to cast upon the county the burden or cost of such collection. Besides the revenue law is, in itself, a complete system prescribing service, and providing compensation for such service, and such compensation is necessarily exclusive. Hubbard v. Texas Co., 101 Mo. 210; Harris v. Buffington, 28 Mo. 53." [Butler v. Sullivan County, 108 Mo. l. c. 638, 639.]

Since this controversy arose, the Legislature has by express enactment authorized any collector to employ an abstraster to prepare suitable memoranda for the use of the tax attorney in bringing suits for back taxes against owners of land, and has prescribed the compensation to be paid therefor and that the same shall be taxed as costs in the suit. [Laws 1921, p. 673.] This is a legislative construction of the state of the law as it therefore ex-

isted, which is not binding upon the courts, but is entitled to great weight. [State ex inf. v. Herring, 208 Mo. 730.]

The cases of Ewing v. Vernon County, 216 Mo. 681, and Harkreader v. Vernon County, 216 Mo. 696, and other like cases concerning the liability of a county for certain expenses in the use and upkeep of offices of county officials, do not reach the question here under consideration. Nor, is the decision in State ex rel. Bybee v. Hackmann, 276 Mo. 110, in point upon the controlling question in this case. In that case it was observed that the statute gave to the board of equalization the broad power "to *take* all evidence it may deem necessary," and not merely power to *hear* evidence. The conclusion followed that the board had power to employ a stenographer to "take" or write down the evidence, as a direct and effectual method of exercising the power.

What has been said constitutes a denial of plaintiff's claim against Maries County and makes it unnecessary to consider other questions discussed in the briefs of counsel.

It results that the judgment should be reversed, and it is so ordered. *Brown* and *Small, CC.,* concur.

PER CURIAM:—The foregoing opinion of LINDSAY, C., is hereby adopted as the opinion of the court, All of the judges concur, except *Woodson, J.,* who dissents.