FILED 116
Mr. Theodore L. Johnson, III Greene County Counselor 1002 Plaza Towers Springfield, Missouri 65804
Dear Mr. Johnson:
This is in response to your request for an opinion from this office as follows:
 "A question has arisen from action in the Greene County Court. On Thursday or Friday, May 20 or 21, the Presiding Judge of Greene County announced that he would call up for action a particular matter pending in the County Court. The matter was subsequently called up by Judge Squibb on the court day of May 24, 1976. At that time, one of the Associate Judges declared that he was not ready to vote on the issue and wanted time to consider the matter. The issue then is whether or not Section 49.070 cited above would apply in this case and therefore give the Presiding Judge two votes, or the power to decide the issue, with the other Associate Judge and the Presiding Judge sitting in a determination of the question. Essentially, then, if an Associate Judge were to decide that he was not in a position to vote on a particular matter, would that, therefore, give the Presiding Judge the right to decide the matter (if you assume the other Associate Judge would oppose the stand of the Presiding Judge."
As we understand the facts, the presiding judge and two associate judges who comprise the county court were present and sitting when this action was taken.
It is our further understanding that the judge did not disqualify himself for cause but simply declined and refused to vote. If a judge disqualifies himself for cause, it is the same as if he is not sitting. See Opinion No. 200 rendered May 20, 1969, to William C. Batson, Jr., a copy of which is enclosed.
Section 49.070, RSMo, to which you refer, provides as follows:
 "A majority of the judges of the county court shall constitute a quorum to do business; a single member may adjourn from day to day, and require the attendance of those absent; when but two judges are sitting and they shall disagree in any manner submitted to them, the decision of the presiding judge shall stand as the decision of the court; provided further, when the presiding judge is absent and the other two judges are present the county clerk shall designate one of such judges present as presiding judge during the absence of the regular presiding judge; and such judge shall, during the absence of the regular presiding judge, have all of the powers of the regular presiding judge."
County courts are not the general agents of the counties or the state; their powers being limited and defined by law and having only such authority as expressly granted them by statute. King v.Maries County, 249 S.W. 418 (Mo. 1923). A county court performs its functions as a constituted body, and its members acting individually have no power to obligate the county. Missouri-Kansas ChemicalCo. v. Christian County, 180 S.W.2d 735 (Mo. 1944). Carterv. Reynolds County, 288 S.W. 48 (Mo. 1926).
It is our view that Section 49.070 applies only when two of the county court judges are present and are sitting as the court for the transaction of business before the court. The word sitting, as used in this statute, means the actual presence of the judge meeting with the other members of the court for the purpose of transacting business of the county. When all the judges of the court are present, the mere fact that one of the judges, while meeting with the court for the transaction of business, does not vote on a proposition being submitted to the court, does not mean that he should not be considered as a member of the court at the time or as not sitting as required under Section 49.070 and thus allow the decision of the presiding judge to stand as the decision of the court.
CONCLUSION
It is the opinion of this office that under Section 49.070, RSMo, a majority of the judges of the county court constitute a quorum to transact business; and it is only when one associate judge is absent and the presiding judge and one associate judge are sitting for the transaction of business and they disagree on the matter submitted to them that the decision of the presiding judge shall stand as the decision of the court.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Moody Mansur.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 200 Batson, 5-20-69