BANK OF STOCKHAM, BERNHARD WIENS AND HERMAN
    WIENS AS INTERVENERS, V. ISAAC R. ALTER ET AL.

FILED FEBRUARY 20, 1901.   No. 11,309.

1. **Action by Mortgagee: ACCOUNTING: PRIORITY OF LIENS: JUNIOR
   INCUMBRANCER: TRUSTEE.** In an action by a mortgagee, where
   it is sought to have an accounting and an ascertainment as to
   priorities of liens and to charge a junior incumbrancer as
   trustee of the proceeds of the sale of mortgaged property,
   and to recover such proceeds to apply on the prior mortgage
   and the debt secured thereby, *held* that such action is properly
   cognizable as a proceeding in equity, and should be treated
   as such.

2. **Jurisdiction of Equity Court.** Where a court, in the exercise of
   its equity powers, acquires jurisdiction for any purpose, its
   jurisdiction will be retained for all purposes and to try all
   issues raised in the action.

3. **Exhibits: PHYSICAL ATTACHMENT.** Exhibits attached to a petition
   in a case, and being a part of the files therein, which are desig-
   nated and referred to in an amended petition as exhibits at-
   tached thereto, and by reference made a part of the pleading,
   will be treated as such, in the absence of a motion directed
   to the same, in determining whether such amended pleading
   states a cause of action, even though not physically attached
   to such amended petition.

4. **Note and Mortgage: PLEADING: EXECUTION AND DELIVERY: AN-
   SWER: ADMISSION: MERE DENIAL OF OWNERSHIP.** Where in an
   answer the execution and delivery of a note and mortgage
   pleaded in the petition are admitted, the legal presumption is
   that the ownership continued and remained in the party to
   whom delivered, and a mere denial of ownership in the answer
   is unavailing. The burden is on the defendant, after admit-
   ting the execution and delivery, to plead and prove some fact
   showing such want of ownership.

5. **Foreclosure Sale: DEMAND OF PROCEEDS: COSTS.** A demand by a
   party claiming the proceeds of the sale of mortgaged property
   from another can only affect the question of costs; and where
   both parties claim a prior right to such proceeds, no demand
   is required, even for the purpose mentioned.

6. ———: ———: **INTERVENTION: STATUTE OF LIMITATIONS.** Where,
   in an action to reach the proceeds of the sale of mortgaged
   property to apply on an amount alleged to be due on a note
   secured by mortgage, the makers, by intervention, deny that
   anything was due, and one of the issues tried was as to the

amount due on such note, *held* that the statute of limitations did not run during the litigation, even though the payees had not formally declared on such note and prayed judgment as against the makers.

7. **Partial Failure of Consideration:** EVIDENCE. Evidence in the case *held* to be insufficient to support a verdict or finding on an allegation as to fraud or mistake in the weight of cattle for which the note sued on had been given.

8. **Review:** INSUFFICIENCY OF EVIDENCE. Where on review in error proceeding in this court it is held that the evidence on the trial of the case is insufficient to support an allegation in the pleadings, and on retrial of the case the evidence in support of such allegation is substantially the same as in the first trial, the former ruling will be adhered to and followed as the law of the case as to the sufficiency of such evidence.

9. **Instruction.** Instructions on an issue raised by the answer and following the allegations thereof *held* to be correctly given.

10. ———: MEASURE OF DAMAGES: HARMLESS ERROR. An instruction as to the measurement by which recovery may be had, even though incorrect, is harmless error, if upon that issue the jury found against any recovery whatever.

11. **Verdict in Equity Case:** EFFECT. The verdict in an equity case on a finding of fact is advisory only and not binding and conclusive on the trial court.

12. **Evidence.** Evidence examined, and *held* to support the judgment rendered in the trial court.

ERROR from the district court for Hamilton county. Tried below before SEDGWICK, J. *Affirmed.*

*Lambertson & Hall* and *R. W. Graybill,* for plaintiffs in error.

*Hainer & Smith, contra.*

HOLCOMB, J.

A proceeding in error has been instituted in this court by which it is sought to reverse a judgment rendered in the district court for Hamilton county against plaintiffs in error, defendant and interveners in the trial court, and in favor of defendants in error, plaintiffs below. The action has heretofore been in this court for consideration.

*Alter v. Bank of Stockham*, 51 Nebr., 797, and on rehearing under the same title, 53 Nebr., 223. A difference of opinion exists as to the nature of the action, plaintiffs insisting that it is an action in equity, and defendants that it is one at law for the conversion of personal property. A question having thus arisen as to the character of the suit, whether in equity or at law, it would seem advisable, in order to more properly and intelligently consider the assignments of error, to first determine such question. In the first opinion rendered in this court the action was held to be one for the conversion of personal property, and, therefore, an action at law, and that it should be so tried, when by either party there is presented no equitable ground for relief or defense. On rehearing, without fully deciding the question, it is stated in the fifth paragraph of the syllabus, "A district court while sitting as a court of equity is clothed with the inherent power to submit to a jury any question of fact in the case"; and in the sixth paragraph, "To maintain a civil action under our Code, it is not essential that the action be denominated either an action at law or in equity, nor that it be given any particular name. If the litigant pleads the facts, and they constitute a cause of action or defense, the courts are bound to award the relief due." Says Commissioner RAGAN, the author of the opinion (p. 236): "We are not deciding that the action of Alter & Glover is an action at law for conversion as against the Bank of Stockham, nor that it is a bill in equity seeking to have the Bank of Stockham declared a trustee and to hold the proceeds of the sale of the Wiens cattle in trust for Alter & Glover. What we do decide, and all we decide, is that from the uncontradicted evidence it appears that the mortgagor converted the mortgaged property into money and placed it in the hands of his agent, the Bank of Stockham, it then and there knowing of the existence of Alter & Glover's lien upon the cattle; and, as against the mortgagees, Wiens himself was not entitled to such proceeds; that the bank, on the evidence

in this record, has no better title to the money than
Wiens had, and is liable and should account to Alter &
Glover for such proceeds, whether such a result will have
the effect of making the action at bar one at law or in
equity." The cause was reversed and remanded for fur-
ther proceedings, after which the pleadings were in some
particulars amended, but the issues thereunder were sub-
stantially the same as on the former trial.

The case having been fully stated in the opinions re-
ferred to, it is unnecessary here to make more than a brief
allusion thereto, sufficient only to an intelligent under-
standing of what is said hereafter. Briefly, the plain-
tiffs' cause of action is based on a promissory note for
$8,500, and mortgage given by the interveners for the
purchase price, and to secure the payment thereof, of a lot
of cattle purchased by the interveners from the plaintiffs;
the plaintiffs alleging that the note had been only par-
tially paid, and that during the existence of the lien of
the mortgage, the interveners, with the defendant bank,
which, it is alleged, held two second mortgages on the
same property, subject to and with knowledge of plain-
tiffs' prior lien and mortgage thereon, had made certain
shipments of the mortgaged property to the markets at
South Omaha and sold the same on the open market, the
net proceeds thereof being credited to the defendant bank
and by it converted to its own use and benefit; all of
which was done without the knowledge or consent of the
mortgagees and in fraud and violation of their rights.
An accounting is prayed, and for an ascertainment of
the priorities of the several mortgages, that the plain-
tiffs' mortgage be adjudged a prior and first lien, and
that the bank be adjudged to hold the proceeds of said
sale in trust for the use and benefit of the plaintiffs, and
that it be decreed to pay the same.

By the answer presented by the defendant bank and
the petition of the interveners the execution of the note
and mortgage to the plaintiffs was admitted, and in
avoidance it was pleaded, in substance, that by fraud or

mistake the weight of the cattle sold to the interveners was represented and stated to be greater than their true and actual weight, and that to the extent of such excess weight the amount mentioned in the note was without consideration, and no recovery ought to be had; and also, that in October, 1889, when the mortgaged cattle were being fed by the interveners to fit them for the market, one of the plaintiffs, in a conversation with the cashier of the defendant bank, knowing that Wiens did not have sufficient money and means to purchase the necessary feed for said cattle and that he must depend upon the said bank for such means, represented and stated that Wiens had bought the cattle on such terms as he would be able to make considerable profit, and that he could, after feeding the cattle for a short time, from time to time sell some of the best of the herd and out of the proceeds derived pay for the feed purchased and used for the fattening of the cattle, and that the plaintiffs were willing that the said Wiens should so sell a portion of the cattle and use the proceeds thereof for such purpose; that the defendant relied upon the representations and statements, and loaned said Wiens large sums of money, aggregating about $5,000, all of which said sums were used for the purchase of feed which was actually fed to the cattle, which would not have been loaned had it not been for the statements and representations of the plaintiff as before set forth. Such statements and acts, being pleaded as an estoppel against recovery from the defendant bank of the proceeds of the cattle sold to the extent of the amount loaned by it and used for the purpose of buying feed for such cattle.

By the foregoing a fair idea of the substance of the controversy will be obtained. As it appears to us, the pivotal point is the proper disposition of the fund arising from the sale of the mortgaged property. By the petition, as we construe it, it is not sought to charge the defendant bank with the conversion of the mortgaged property, but rather have it declared a trustee of the

plaintiffs as to the proceeds of the sale of the property received by it, with knowledge of plaintiffs' lien on the property sold and of their superior and prior right thereto. By virtue of their mortgage lien the plaintiffs seek to impress a trust character on the proceeds in the hands of the junior incumbrancer to an amount required to satisfy their prior claim. The defendant and the interveners, by their pleadings, in effect, admit the superior rights of the plaintiffs but for the matters pleaded by them in avoidance, which are, first, that either by fraud or mistake the original consideration as claimed and expressed in the note was greater than it should have been according to the agreement of the parties, owing to a mistake or misstatement as to the weight of the cattle sold, and that as to such excess the note was without consideration, and, second, that by reason of the agreement pleaded, notwithstanding plaintiffs' lien was prior in time, it should be subordinated to that of the defendant bank's lien for money loaned to feed the mortgaged cattle to fit them for the market. As well stated, in effect, in the opinion on rehearing, the plaintiffs' right to the relief asked for is established and is due them, subject only as the same may be defeated or diminished by the defenses interposed. The whole controversy thus seems to be reduced to two propositions, the amount due on the note, and the respective rights of the contestants in relation to the proceeds derived from the sale of the mortgaged property, to which in equity each had claims, and, as we view the record, such as are more cognizable and to be adjudicated in equity rather than in an action at law. Under well known equitable principles, the defendant bank, having received the proceeds of the sale of the mortgaged property with notice of plaintiffs' mortgage lien and prior claim thereon, could be held and charged as a trustee of such funds for the use and benefit of the plaintiffs. *Smith v. Jeffreys*, 16 So. Rep. [Miss.], 377; *American Sugar-Refining Co. v. Fancher*, 40 N. E. Rep. [N. Y.], 206.

The proceeding is in many respects analogous and the principles involved similar to the case of *Cady v. South Omaha Nat. Bank*, tried as an equitable action, and reported in 46 Nebr., 756. While the question is not entirely free from doubt, we are disposed to the view that the cause should be regarded as a proceeding in equity and be treated as such. If the action is one cognizable in equity, the suggestion only is required that the court, having acquired jurisdiction for any purpose in the exercise of its equity powers, will retain such jurisdiction for all purposes of the case and to try all issues raised therein. Pomeroy, Equity Jurisprudence [2d ed.], sec. 181; *Morrissey v. Broomal*, 37 Nebr., 766; *Disher v. Disher*, 45 Nebr., 100. Proceeding, then, upon the theory that the action is one in equity, we will consider the several objections urged against the regularity of the proceedings in which the judgment was obtained.

It is urged that the petition fails to state a cause of action, the argument being based upon the assumption that the exhibits designated and referred to in the petition, the same being the note and mortgage, were not attached to and made a part of the petition, and their terms not being pleaded therein, no cause of action is stated. Several amended pleadings were filed. Under the system of filings practiced in the district court where the case was tried, all such pleadings are preserved, together with the other files in the case, attached to and held together as one complete package or set of filings. The note and mortgage referred to as exhibits were attached directly to the first amended petition filed in the case. They were by reference attached to and made a part of the last amended petition, but not physically displaced from the place in the files in connection with the first amended petition. The amended transcript presented shows them to have been attached to and made a part of the last amended petition. While this, speaking with exactness, may not be perfectly accurate, yet we think their filing in the case as an exhibit, and the refer-

ence to and designation of them as such exhibits in the petition objected to, sufficiently identifies and connects them with the pleading and as a part thereof; so that, in the absence of a motion directed to the same, they will be considered and treated, as they appear to have been on the trial of the case, as a part of the pleading, and when so treated, it is admitted that a cause of action is stated in the petition.

It is also objected that the evidence does not show that the plaintiffs were the owners and holders of the notes at the time of the beginning of the action and the trial thereof. As before stated, as we view the pleading, the execution and delivery of the note and mortgage being admitted, and a defense in the nature of an avoidance being pleaded, under the issues the burden rested, not upon the plaintiffs, but upon the defendant and interveners in the case. The execution of the note and mortgage being admitted, a mere denial that the plaintiffs are the owners or the real parties in interest can not avail the defendants. Having admitted as much as they did, the burden was cast upon them to plead and prove some fact showing a want of interest or ownership at the time the action was brought; and where they have failed to do so, the legal presumption is that the party to whom the instrument was executed and delivered continued and remained the owner thereof. *Doll v. Rizotli*, 96 Am. Dec. [La. Ann.], 399.

Objection is also made because no demand was made upon the bank by the plaintiffs for the proceeds of the sale of the cattle prior to the commencement of the action. This, we think, could at most only affect the costs in the case. The defendant, however, denying the plaintiffs' right to the relief sought, resisted their claim and interposing an adverse claim in its own behalf, would thereby waive any right or demand as to costs of suit, if judgment is adverse, which could properly be awarded against it. *Wright v. Greenwood Warehouse Co.*, 7 Nebr., 435; *Ogden v. Warren*, 36 Nebr., 715; *Rodgers v. Graham*, 36 **Nebr.**, 730; *Wilcox v. Beitel*, 43 Nebr., 457.

There is a claim that the action is barred by the statute of limitations, based upon the proposition that in the last amended petition, for the first time, the liability of the interveners as the makers of the note was specially pleaded and a recovery as to them prayed for. We think under the pleadings it is quite apparent that the action was begun so as to prevent the running of the statute, when the parties were brought or came voluntarily into court and filed their pleadings under the first proceeding had, the time of which is clearly within the statute. In that proceeding the cause of action was based primarily upon the note and mortgage for the balance alleged to be due thereon, and a recovery was sought only against the defendant bank for the proceeds of the sale of the cattle, which it was claimed it had received and applied to its own use and benefit. The interveners, by proper petition, came in, admitted the execution and delivery of the note and mortgage and pleaded fraud or mistake as to the weight of the cattle at the time they were sold, and sought thereby to avoid the note for the balance then claimed to be due. The issue as tried was the amount due on the note and the liability of the bank on the cause of action pleaded against it. A judgment was rendered in conformity with such issues. Construing the pleadings together, the conclusion is irresistible that the amount due on the note, set out by the plaintiffs in their first petition filed, has been at all times the principal issue in the case. While the pleadings of the plaintiffs, as claimed, did not specially declare on and demand a recovery against the interveners in the proceeding first had, the suit was an action on the note even as against the interveners, who, by their petition of intervention, sought to avoid any further obligation thereunder, and to recover from plaintiffs for moneys overpaid on said note. Even though plaintiffs did not formally declare on the note and mortgage as against the interveners, the cause of action based thereon has all along been the subject of litigation, so that the statute as to all parties in

court ceased to run. It would seem that an issue, even if improperly pleaded, is treated by the parties and tried as such, the irregularity in the pleading, if one exists, is waived, and it will be treated as raising the issue thus irregularly presented and tried. *Parliman v. Young*, 4 N. W. Rep. [Dak.], 139.

On the trial of the case the court withdrew from the consideration of the jury the evidence submitted for the purpose of proving fraud or mistake as to the weight of the cattle at the time they were sold by the plaintiffs. This question was thoroughly considered in the last opinion given by this court heretofore referred to, and it was there found that the evidence in that trial was insufficient to support the verdict in favor of the interveners on that issue. The evidence in this case, it is admitted, is substantially the same. If so, the rule announced in that case has become the law of the case and will thereafter be followed. *Wittenberg v. Mollyneaux*, 59 Nebr., 203. The reasons stated in the opinion on rehearing are decisive of the question now presented. Viewing the matter either as an original proposition or as a point heretofore raised and decided in this same case, the ruling of the trial court must be held to be correct, and the withdrawal of the question from the jury proper.

It is urged that the court erred in its instruction to the jury to the effect that the defendant bank, if they found the defense pleaded as to money loaned to purchase feed to be sustained by the evidence, could retain of the proceeds of the sale of the cattle only the amount of the money loaned to the interveners and by them used for the purpose of purchasing feed for the mortgaged cattle. It is insisted that if the bank loaned the money for such purpose, this is sufficient to give them a superior claim on the proceeds, and that it is not necessary that they trace the money thus loaned to the purchase of feed. The instruction follows the pleading and allows the bank, if warranted by the evidence, what it claimed by its answer. We think the instruction correct and in harmony

with the agreement of the parties as pleaded in the answer, assuming the agreement to have been made. This agreement, according to the defendant's theory, was that some of the cattle might be sold and the proceeds used for the purpose of buying feed for the remainder. The only lawful use of the proceeds, then, would be for the purchase of feed, or to replace money used for that purpose, and if used for any other purpose, the use thereof would be wrong and contrary to the terms of the agreement. The interveners could, under the agreement if found to exist, sell of the mortgaged cattle enough to buy feed with the proceeds sufficient for feeding purposes and none other, and this agreement, as to the application which should be made of the proceeds, determines what use may rightfully be made of money loaned, in order to estop plaintiffs from asserting their prior lien on all the proceeds of the sale of the cattle until their demands are satisfied. The instruction, however, if erroneous, would be without prejudice, for the reason that the verdict discloses that on this issue the jury found in favor of the plaintiffs, and that the agreement pleaded had not been proven by a preponderance of the evidence. Further, the finding of the jury, being only advisory, was not conclusive and binding on the trial court. We think the evidence abundantly sustains the verdict and judgment.

The judgment, being in harmony with the pleadings and the evidence, properly determines the respective rights of the parties, is in conformity with law, and should, therefore, be

AFFIRMED.