[No. 5062.    Decided December 12, 1904.]

GRAYS HARBOR BOOM COMPANY, *Respondent,* v. LYTLE LOGGING & MERCANTILE COMPANY, *Appellant.*[1]

LOGS AND LOGGING—LIENS FOR BOOMING—NOTICE—DESCRIPTION—SUFFICIENCY. The notice of a lien upon saw logs, for boomage charges, identifies the logs and is sufficient, when the logs are described as being of a certain number, branded in a certain way, and at a certain place, and the notice complies literally with the form prescribed by statute.

SAME—FORECLOSURE OF LIEN—DESTRUCTION OF PART OF PROPERTY BEFORE SUIT—FORECLOSURE AS TO BALANCE. An action to foreclose a lien on saw logs may be commenced after a portion of them have been made into lumber, and foreclosure may be decreed as to the existing portion.

SAME—JUDGMENT ESTABLISHING LIEN—MONEY IN COURT—IMPRESSING MONEY WITH LIEN—EQUITABLE POWERS OF COURT. Where money has been withheld by the purchasers of saw logs to the extent of liens claimed thereon, and, upon an action's being commenced to foreclose the liens, the purchasers bring the money into court, it is within the equitable powers of the court to impress the lien upon the money and order the same paid in discharge of the liens that are established.

SAME — DESTRUCTION OF PROPERTY BEFORE TRIAL — PERSONAL JUDGMENT AGAINST OWNER WITHOUT FORECLOSURE—APPLICATION OF MONEY IN COURT. In an action to foreclose a lien on saw logs where at the time of the trial the logs have been manufactured

[1]Reported in 78 Pac. 795.

into lumber and their identity destroyed, the court can not order a foreclosure of the liens, but may enter judgment against the party liable for the amount due, and apply thereon any money in court impressed with the lien.

APPEAL AND ERROR—REVIEW—FINDINGS. Findings of the trial court will not be disturbed where the evidence is conflicting and evenly balanced.

Appeal from a judgment of the superior court for Chehalis county, Rice, J., entered April 23, 1903, upon findings in favor of the plaintiff, after a trial before the court without a jury, decreeing the foreclosure of liens upon sawlogs. Modified.

*John C. Hogan* and *J. H. Parker,* for appellant.

*J. B. Bridges, Ben Sheeks* and *E. H. Fox,* for respondent.

FULLERTON, C. J.—The respondent is a boom company, engaged in the business of booming, sorting, and rafting saw logs and other timber products, having its principal boom at the mouth of the Humptulips river, on Grays Harbor. In 1901 it boomed, sorted, and made into rafts certain saw logs belonging to the appellant for which services it charged its customary rates. These logs, when made into rafts, were forwarded by the company, pursuant to orders from the appellant, to the various lumber mills operating on Grays Harbor. Along with the rafts the company forwarded to the lumber companies a statement of its boomage charges, and the sums so claimed were withheld by the lumber companies, in their settlement with the appellant, from the purchase price of the logs. A dispute arose between the appellant and respondent as to the reasonableness of these boomage charges, and the lumber companies were notified not to pay over to the respondent the sums with-

held by them from the appellant. The respondent there-
upon filed liens on the various logs boomed, sorted, and
made into rafts by it, and began actions to foreclose
the same. These actions were four in number, but were
consolidated on the order of the trial court, and tried as
one. After the commencement of the actions, the lum-
ber companies who had purchesed the logs liened upon
were made parties defendant. They all answered to
the effect that their purchases had been made with the
understanding that the respondent claimed a lien upon
the logs in sums certain for boomage charges, and that
they had withheld from the purchase price the amount
of such claim. They thereupon paid the money into
court, and asked that the court distribute it as the
right to the same might appear. On the trial the court
found that the amount due the respondent was the sum
of $2,942.26; that the amount paid into court, properly
applicable to the satisfaction of the amount so found to
be due, was $2,147.88; and it was directed that this sum
be paid respondent in part satisfaction of the amount
due it, and that it have judgment of foreclosure against
the logs liened upon for the balance. No costs were
allowed either parties.

It is first complained that the court erred in refusing
to hold the complaint and notices insufficient, on the
ground that the description of the logs was too indefi-
nite and uncertain to enable them to be identified with
reasonable certainty, or identified at all. The liens de-
scribed the logs as being a certain number, branded in
a certain way, and located at or near a certain place.
The liens complied literally with the form for such liens,
prescribed by the statute, and we think were sufficient,
under that provision of the code which prescribes that

no mistake or error in the statement of the demand or description of the property shall invalidate the lien, unless the court shall find that an innocent third party is injuriously affected thereby. See, § 5944, Bal. Code. In this case the question of the insufficiency of the description is raised by the party owing the debt for which the lien is claimed, and the statute applies with all its force.

It is next said that the court erred in refusing to dismiss the action at the conclusion of the respondent's case, because it then appeared that the logs sought to be levied upon had been cut into lumber and destroyed prior to the time of the commencement of the several actions, or the time of the commencement of any of them. While the evidence on this point is somewhat indefinite, we think it clearly appears that the major portion of the logs described in the liens were still intact at the time the several actions were filed. It was not necessary, of course, that the whole of them should be in existence. The lienor was entitled to foreclose upon such of them as then existed, even if it were true that a portion of the number originally liened upon had been destroyed.

The appellant next complains that the court erred in directing that the money, brought into court by the lumber companies, be paid in satisfaction of the amount found due the respondent, but we think this within the equitable powers of the court. The court, having acquired jurisdiction over the parties and the subject-matter of the controversy between the parties, could retain it for the purpose of doing justice between them, even to impressing a lien upon the money, withheld and paid into court, in lieu of the property upon which the respond-

ent had a right of lien. *Bank of Stockham v. Alter,* 61 Neb. 359, 85 N. W. 300.

It is next contended that the court erred in directing a foreclosure of the liens, and directing a sale of the property covered by the liens. This contention we think must be sustained. The trial court, although it made no formal findings of fact, must have found that some of the logs described in the lien notices were in existence at the time of the trial, but we are unable to find anything in the record which supports such a finding. The evidence, to our minds, clearly shows that, at the time of the trial, the logs had been cut up into lumber and otherwise disposed of, so that identification of the logs themselves, or of their products, was impossible. In such a case it is, of course, an idle ceremony to direct a formal foreclosure, and the court erred in so doing. The fact that the logs were not in existence at the time of the trial, however, does not, as the appellant supposes, require a dismissal of the actions. The court, as we have said, having rightfully acquired jurisdiction of the actions, could retain it for the purpose of making a proper distribution of the money retained in lieu of the logs, and of entering a personal judgment against the appellant. It is not a case where the lien fails, but one where the conduct of the debtor and third person has made it impossible for the lienor to reap the full benefit of his rights, under the lien.

Lastly it is complained that the court erred in refusing to hold that the amount charged by the respondent for boomage services was unreasonable. On this point the evidence was conflicting, and, seemingly from the record, not unevenly balanced. Under such circustances, we do not feel that the conclusion of the trial court ought to be disturbed.

Other questions suggested in the briefs we do not think merit separate consideration.

The judgment appealed from will be modified to the extent of striking therefrom all that part of it directing a foreclosure of the liens sued upon; in all other respects it will stand affirmed. Neither party will recover costs on this appeal.

HADLEY, MOUNT, DUNBAR, and ANDERS, JJ., concur.