GEORGE McCARTER, APPELLEE, V. CITY OF LEXINGTON,
APPELLANT.

FILED FEBRUARY 20, 1908. No. 15,076.

1. **Licenses: INJUNCTION.** In 1904 the city of Lexington passed an ordinance imposing an occupation tax on the business of keeping billiard and pool halls. On May 26, 1906, a second ordinance went into effect requiring the keeper of billiard and pool halls and bowling alleys to apply to the mayor and city council for a license to conduct the business. *Held,* That a party who had paid the occupation tax required by the ordinance of 1904, prior to the ordinance of 1906 going into effect, was not entitled to an injunction to restrain the officers of the city from prosecuting him for conducting his business without a license.

2. **Cities: ORDINANCES: VALIDITY.** The motive governing a legislative body in passing a statute or ordinance is not a proper subject for investigation by the courts.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Reversed.*

*H. D. Rhea* and *D. H. Moulds,* for appellant.

*J. A. Sheean, H. M. Sinclair* and *George C. Gillan,* contra.

DUFFIE, C.

In April, 1904, the city of Lexington passed an ordinance levying an occupation tax of $150 upon the business of conducting a billiard hall and pool room within the corporate limits of the city. The tax was made payable to the city treasurer for the purpose of municipal revenue on the 1st day of May of each year. On May 26, 1906, another ordinance was passed providing for the licensing and regulation of billiard and pool rooms and bowling alleys in the city of Lexington, which made it unlawful for any person or corporation to keep within said city any pool or billiard room or bowling alley with a view of gain, or where money was charged for playing or bowling

therein, unless a license to conduct said business was first obtained. The person desiring to engage in the business was required to make application in writing to the mayor or council of the city, asking for such license and describing the premises on or in which it was proposed to conduct the business, and thereupon the mayor and council might grant or reject said application, and, in case the application was granted, the clerk instructed to issue a license to the applicant upon his depositing with the clerk a receipt showing payment to the treasurer of the amount of the occupation tax required by the ordinance of the city. Section 3 of this act imposes a fine of not less than $5 nor more than $50 for the violation thereof, and authorizes the commitment of any party convicted of violating the ordinance until the fine and costs are paid. Each day that a billiard or pool room or bowling alley is kept open in violation of the provisions of the ordinance is made a distinct offense.

George McCarter, the plaintiff, filed his petition in the district court for Dawson county July 2, 1906, in which he alleges that on the 21st day of May, 1906, he paid to the treasurer of defendant city the sum of $150 as an occupation tax for the privilege of conducting a billiard and pool hall for the municipal year of 1906; that this sum was duly accepted by the treasurer as contemplated by the ordinance then in force. The petition further alleges the passage of the second ordinance above referred to, and alleges that said ordinance was passed for the express purpose of depriving the plaintiff of his constitutional rights under the ordinance in existence when he paid his occupation tax, and for the purpose of driving him out of business, and for the purpose of affording a rival in the same business protection against competition. He further alleges that on the 12th of June, 1906, the city, through its duly elected officers, filed a complaint against him charging him with eight violations of the ordinance last referred to; that he was prosecuted, fined and imprisoned, and again on the 21st of June, 1906, he

was arrested, charged with eight further violations, and upon trial was fined and imprisoned the second time; that he was compelled to furnish bond and appeal to the district court; and that he has perfected such appeals, and requested the city officers to refrain from filing further complaint against him until the question at issue can be determined by the district court. But the city through its mayor refuses to desist from prosecuting him, and threatens to keep on bringing new actions under said license ordinance until he shall close his business. The prayer was for an injunction against the city and its officers, restraining .them from arresting, prosecuting or molesting the plaintiff in connection with the license ordinance above .mentioned, and especially from bringing any further prosecution against him for a violation thereof until the further order of the court. A temporary injunction was issued upon filing this petition, which upon the final hearing was made perpetual, and from this judgment the defendant has appealed.

Section 8719, Ann. St. 1903, authorizes cities and villages to raise revenue by levying and collecting a license tax on any occupation or business within the limits of the city or village, and to regulate the same by ordinance. Section 8723, authorizes cities and villages to make all such ordinances, by-laws, rules, regulations, and resolutions, not inconsistent with the laws of the state as may be expedient, in addition to the special powers in this chapter granted, maintaining the peace, good government and welfare of the corporation, and its trade, commerce and manufactories, and to enforce all ordinances by inflicting fines or penalties for the breach thereof, not exceeding $100, for any offense recoverable with costs, and, in default of payment, to provide for confinement in prison, or jail, or by hard labor upon the streets, or elsewhere, for the benefit of the city or village. In *Morgan v. State,* 64 Neb. 369, it was held that the section last quoted gives village authorities ample power by ordinance to license and regulate billiard and pool rooms. The ordinance to license

billiard and pool halls now under consideration did not attempt to impose upon the plaintiff or upon any one engaged in the business any tax in addition to the occupation tax provided by the ordinance of 1904. The payment by the defendant of the occupation tax required by the ordinance of 1904 did not insure him against such rules and regulations for the conduct of his business as the city might thereafter think it expedient to impose. The right to enjoy a privilege under a municipal license is not property of such a character that a court of equity will protect it, after the implied revocation of the license, against the result of a criminal or other prosecution. *Littleton v. Burgess,* 14 Wyo. 173, 2 L. R. A. (n. s.) 631, and cases cited. The fact, if such be the case, as alleged by the plaintiff in his petition, that the city council was induced to pass the ordinance of May 26, 1906, to injure the plaintiff in his business, and to aid a rival in such business, is a matter with which we have no concern, and which we cannot investigate. The motives inducing action by a legislative body is not a proper subject of inquiry by the courts. Cooley, Constitutional Limitations (5th ed.), *186. The city had ample authority to pass the ordinance in question, and a court of equity will not enjoin prosecutions brought to enforce it.

We recommend the reversal of the judgment appealed from.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

REVERSED.