JOHN W. COLE, APPELLANT, v. VILLAGE OF CULBERTSON ET AL., APPELLEES.

FILED FEBRUARY 26, 1910.     No. 15,915.

1. Villages: POOL-HALLS, REGULATION OF. *State v. McMonies*, 75 Neb. 443, has been superseded by section 8887, Ann. St. 1907.

2. ———: ———: DELEGATED POWERS. The legislature has full power to grant authority to villages to license, regulate, or prohibit billiard-halls, pool-halls or bowling-alleys within the limits of such village.

3. ———: ORDINANCES: VALIDITY. "The motive governing a legislative body in passing a statute or ordinance is not a proper subject for investigation by the courts." *McCarter v. City of Lexington*, 80 Neb. 714.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Affirmed.*

*John W. Cole* and *Morlan, Ritchie & Wolff,* for appellant.

*Boyle & Eldred, contra.*

FAWCETT, J.

The petition alleges substantially that the defendant village of Culbertson is a municipal corporation under the laws of the state of Nebraska, and that the other defendants are the duly elected, qualified and acting trustees of said village; that at the time of filing his petition plaintiff was, and for many years prior thereto had been, a resident, elector, property owner, and taxpayer of said village; that in the fall of 1907 he purchased a brick build-

ing of the value of $2,500, and at an expense of $300 equipped one of the rooms in said building as a billiard and pool-hall, and thereupon opened said room for the purpose of having therein a billiard and pool-hall; that said billiard and pool-hall have been paying plaintiff a large revenue and income of at least $50 a month; that in running said billiard and pool-hall plaintiff has complied with the laws of the state of Nebraska, and at all times conducted said billiard and pool-hall in an orderly, quiet and legitimate manner; that defendants, well knowing the expense that plaintiff had been to in the premises, on the 3d day of February, 1908, passed an ordinance prohibiting the operation, keeping and controlling of a billiard or pool-hall in said building for hire; that said ordinance was passed by defendants for the sole purpose of depriving plaintiff of his property and property rights in his said pool and billiard-hall and apparatus thereto belonging; that said billiard and pool-tables and fixtures have no value except for the purpose of being used as such; that the ownership of the billiard and pool-tables and the ownership, running and management of the billiard and pool-hall is now, and for many years past has been, recognized by the laws of this state, and the decisions of the court of last resort of this state, to be "a legitimate and lawful business, except that minors shall not be permitted to play or be and remain upon the premises"; that plaintiff invested his money in good faith in his pool and billiard-tables, and established a pool and billiard-hall in said village in reliance thereon; that said ordinance is unconstitutional because it contravenes section 1, art. XIV of the constitution of the United States, and also contravenes section 3, art. I of the constitution of the state of Nebraska, in so far as said ordinance seeks to prohibit plaintiff and deprive him of the use of his said billiard and pool-hall and the tables and fixtures thereunto belonging, and because its intent and purpose is to deprive plaintiff of a vested legal right without due proc-

14

ess of law; that, notwithstanding the premises, defendant trustees are threatening, under color of authority derived from said ordinance, to close up and prohibit plaintiff from operating his said billiard and pool-hall, and are threatening to and will, unless restrained by order of the court, prohibit and suppress plaintiff's said business, and will destroy plaintiff's property and business and the value thereof, and are threatening to and will arrest plaintiff and his employees and harass and annoy them, under color of authority derived from said ordinance, and will institute many criminal and other suits against plaintiff and those operating and conducting said pool-hall, and wholly destroy the value of his said property, and deprive him of the income therefrom to plaintiff's irreparable injury, loss and damage, and that plaintiff has no adequate remedy at law. The prayer is for an injunction restraining the defendant village and its trustees from in any manner seeking to enforce said ordinance or in any manner instituting any proceedings to enforce the same, or from in any manner interfering with the plaintiff or his employees in conducting or operating said pool and billiard-hall, or from commencing any criminal prosecutions under said ordinance against plaintiff or any person or persons conducting said business as employees of plaintiff, or in any manner interfering with plaintiff or his employees in conducting, maintaining or operating said pool-hall. A copy of the ordinance is attached to the petition, as follows:

"Ordinance No. 73.

"An ordinance to prohibit the keeping, conducting and operation of billiard-halls, pool-halls and bowling-alleys within the limits of the village of Culbertson, and to provide a penalty for the violation thereof, and to repeal all ordinances and parts of ordinances in conflict herewith.

"Be it ordained by the chairman and board of trustees of the village of Culbertson, Nebraska.

"Section 1. No person shall hereafter open, keep, manage, operate or conduct either for himself or as agent,

clerk, or servant of another any billiard-hall, pool-hall, or bowling-alley, or any room or place in which shall be used any billiard-table, pool-table or bowling-alley for profit, or hire or gain, within the limits of the village of Culbertson.

"Section 2. No person shall hereafter open, keep, manage, operate or conduct either in person or by agent, clerk or servant, any billiard-hall, pool-hall or bowling-alley, or any room or place in which shall be used any billiard-table, pool-table or bowling-alley for profit, hire or gain, within the limits of the village of Culbertson, Nebraska.

"Section 3. Any person who shall violate the provisions of sections one and two of this ordinance shall, upon conviction thereof, be fined in any sum not less than five dollars ($5.00) nor more than twenty-five dollars ($25.00) and shall stand committed to the jail until such fine and costs of prosecution are paid.

"Section 4. That all ordinances and parts of ordinances in conflict with this ordinance be and they are hereby repealed.

"Section 5. This ordinance shall take effect and be in force from and after its passage, approval and publication."

The ordinance was passed and approved on the 3d day of February, 1908. No irregularity in the passage of the ordinance is claimed. The defendant village and the defendant trustees separately demurred generally to the petition. The demurrers were sustained, and plaintiff's suit dismissed. Plaintiff appeals.

Plaintiff's main reliance is upon *State v. McMonies*, 75 Neb. 443. As the law then stood, plaintiff's contention would have to be sustained; but since the decision in that case, and probably as a result of such decision, the legislature has delegated to the boards of trustees of villages the power which we then said they did not possess, viz., the right to prohibit billiard and pool-halls. Section 8887, Ann. St. 1907, provides: "Such board of trustees

shall have power to pass by-laws and ordinances to prevent and remove nuisances; to prevent, restrain, and suppress bawdy houses, gambling houses, and other disorderly houses; and to license, regulate, or prohibit billiard-halls, pool-halls, or bowling-alleys within the limits of such village." The constitutional power of the legislature to grant such authority to villages of the defendant class is too clear to require discussion or a citation of authorities. Defendants having exercised the power thus granted by the legislature, by the passage of the ordinance in question, its right to proceed under such ordinance cannot be questioned.

The allegation in plaintiff's petition that the sole purpose of defendants in passing the ordinance was to deprive plaintiff of vested rights cannot be considered, for two reasons: (1) In the light of the statute cited, plaintiff had no vested right to conduct a billiard and pool-hall for hire. (2) In *McCarter v. City of Lexington*, 80 Neb. 714, we said: "The fact, if such be the case, as alleged by the plaintiff in his petition, that the city council was induced to pass the ordinance of May 26, 1906, to injure the plaintiff in his business, and to aid a rival in such business, is a matter with which we have no concern, and which we cannot investigate. The motives inducing action by a legislative body is not a proper subject of inquiry by the courts."

It is further contended that this ordinance is discriminating in that it prohibits the keeping of a billiard or pool-hall or the maintaining of tables for hire, while it does not attempt to prohibit keeping them for private or free use. This argument is met and aptly disposed of adversely to plaintiff's contention by the supreme court of Kansas in *City of Burlingame v. Thompson*, 74 Kan. 393.

As the judgment of the district court must be affirmed for the reasons above stated, it is unnecessary to consider the question of plaintiff's right to the relief demanded by injunction,

The judgment of the district court is

AFFIRMED,