THE STATE OF MISSOURI at the Relation of A. D. BAYLESS, Relator, v. THE COUNTY COURT OF CLINTON COUNTY, MISSOURI, JOHN W. EVERETT et al., Judges, Respondents.

**Kansas City Court of Appeals, April 3, 1916.**

1. **MANDAMUS: County Courts: Licensing of Pool Tables.** Relator applied for a license to keep pool tables in his pool hall. The county court heard the application and refused to grant the license, not because of any reason peculiar to applicant or his location, but solely because the court was opposed to pool halls and desired to prohibit them. The court admitted that there was no reason for refusing relator a license if any such license should be granted at all. *Held* that the county court has the right to refuse to grant a pool hall license for cause, but that where there is no reason for refusing except a desire to prohibit them, the court cannot refuse since it cannot do indirectly what it has no power to do directly.

2. ————: ————: ————: **Discretion.** The power to grant licenses, unless mandatory in terms, carries with it the right to exercise a reasonable discretion in deciding whether to grant or refuse a particular license but this discretion is to be exercised reasonably and not arbitrarily.

3. ————: ————: ————: ————. Since the Legislature has delegated to the county court the power to license pool tables, and has not granted the right to prohibit them, the court cannot, in a case where it is admitted there is no discretionary reason for refusing, withhold such license in order to prohibit the keeping of pool tables altogether.

Original Proceeding in Mandamus.

WRIT ISSUED.

*Darl B. Cross* and *F. V. Kander* for relator.

*F. B. Ellis* and *Henry E. Perkins* for respondents.

TRIMBLE, J.—This is a proceeding in mandamus originating in this court and brought by relator to com-

pel the respondents, as judges of the county court of Clinton county, to issue him a license to keep a pool hall in the city of Lathrop. Relator conducted a pool hall in said city, and, upon the expiration of the term for which the license was granted, he applied to the county court for a new license and paid the money required to be paid for such licenses. Relator, in his showing before the county court, proved that he was a fit and proper person to conduct a pool hall; that he was of good moral character; that the location of his pool hall was unobjectionable, and that the city authorities were willing that he should have his pool hall at that location.

No evidence was offered tending to show any reason, peculiar to said applicant or to the location sought, why said license should not be granted, nor did the court find any grounds or reasons applicable either to relator or his location for refusing to grant the license. The license was refused solely for the following reasons:

1. The court did "not think that pool halls are a good thing for any community."

2. "There is a strong sentiment all over the county against pool halls being operated in the county."

3rd. The court believed "pool halls to be a nuisance."

In addition to the record as herein shown, it was admitted in open court at the oral argument of this case, that relator is a man of good moral character and that no objection can be made to him or his fitness as a proper person to manage a pool hall or to the location thereof. The sole question presented for our determination, therefore, is whether the county court has power to refuse, without cause, to grant a pool hall license. In other words, can a county court prohibit poolhalls altogether by refusing to grant a license therefor merely because it is opposed to them as such

notwithstanding the fact that no objection can be made to the applicant or his location, if any such licenses are to be granted at all.

It is well settled, of course, and no one will dispute it, that county courts have only such authority as is expressly granted them by statute. [Butler v. Sullivan County, 108 Mo. 630.] This must be understood as including all such powers as arise by necessary implication from an express grant. [Sheidley v. Lynch, 95 Mo. 487.] Consequently, if the act of the county court is outside of the power conferred upon it, such act is without validity or force. [Bayless v. Gibbs, 251 Mo. 492; State ex rel. v. Patterson, 229 Mo. 364, 373.]

The county court, by section 1193, Revised Statutes 1909, is given the power to license the keepers of billiard tables and all other tables upon which balls and cues are used. Chapter 14, Revised Statutes 1909, of which section 1193 is a part, as well as the statutory provisions granting to municipalities the right to license such tables, show that it was the purpose of the Legislature to grant to the county courts and the municipalities the power to license and tax them. [State v. Shotts, 143 Mo. App. 346; McClannahan v. DeWitt, 160 Mo. App. 304.] And that power is such an one as the State may grant to such bodies to be exercised by them within the limitations and subject to the restrictions placed upon them in the grant of power. [City of Tarkio v. Cook, 120 Mo. 1; City of Burlingame v. Thompson, 74 Kan. 393; Ex Parte Brewer, 152 S. W. 1068; Cole v. Village of Culbertson, 86 Neb. 160; McClannahan v. DeWitt, 160 Mo. 304; State v. Shotts, 143 Mo. App. 346.] In McClannahan v. DeWitt, supra, l. c. 309, it is said: ''There can be no question but what the general policy of the State is to license billiard and pool tables and that there is no power vested in either the county or the city to prohibit them.''

Since the Legislature has delegated the power to license them, and has conferred no power to prohibit them, the county court cannot prohibit them indirectly by refusing to grant a license where no cause exists for such refusal except the desire to prohibit. The power to prohibit cannot be exercised indirectly when it cannot be done directly, and no power to prohibit exists in the absence of an express grant. [State v. McCammon, 111 Mo. App. 626; People v. Grant, 121 N. W. 300; Shreveport v. Schulsinger, 113 La. 9; McClannahan v. DeWitt, supra.]

"The power vested in the officer or public body to grant licenses, unless mandatory in terms, carries with it the right to exercise a reasonable discretion but this discretion is to be exercised reasonably and not arbitrarily." [25 Cyc. 622.] It is a sound judicial discretion based upon reason and not exercised arbitrarily. [23 Cyc. 135; State ex rel. v. Township Board, 188 Mo. App. 266, 269.]

The holding in the case of McClannahan v. De-Witt, supra, is that the county court may refuse a license *for cause,* and that since it was plain in that case the county court "was not attempting to regulate, suppress, or prohibit such tables" (top of page 308) but was exercising its discretionary power in a proper judicial way, the appellate court refused to uphold the circuit court which had ordered the county court to issue the license. And at the bottom of page 308 the court says: "We believe the law lodges in the county court the discretionary power to refuse such licenses when in their opinion there are reasonable grounds to apprehend that the person applying is not a suitable person or the place is not suitable for the carrying on of the business." In that case the county court had heard the application and denied it. There was no showing made that the county court did *not* have good cause for its action. The appellate court could not

presume that the county court did not act in the matter with sound judicial discretion, and since the county court could refuse to license for cause and as it had done so, the peremptory mandamus ordered by the circuit court was set aside.

In the case of State ex rel. v. Hendricks, 177 Mo. App. 12, the relators were seeking to compel the county court *to grant them a license* when the pleadings all showed that no hearing on the question of granting the license had been had in the county court. In other words, since the peremptory writ must follow the alternative writ, and since relators had not asked to amend their alternative writ so as to pray that the county court be directed to hear and pass upon the application for license, the peremptory writ was properly denied, because relators were not entitled to a license as a mere matter of right. The issuance of a license was a matter for the county court to determine in the exercise of judicial discretion. At page 15 the opinion says "what the county court really did was to refuse to hear relator's application for license. Consequently, if relators are entitled to any relief at all, they are entitled to a mandamus directing the county court to hear said application, and not one commanding the court to issue a license. But relators did not ask that the county court be made to hear and pass upon their application and do whatever the law and the evidence would warrant, but that it be made to issue the license." The opinion then goes on to state that "certainly relators are not entitled to a peremptory writ *ordering a license* to be granted when the pleadings show that no evidence was heard" because, if that were true, it might happen, as it appeared likely in that case, that relators could, by mandamus, obtain a license which they could not obtain on an application upon which the county court had exercised a reasonable discretion. The opinion further says "whether relators are enti-

tled to demand a license when all the facts have been found in their favor, is a question we do not decide, since it is not necessarily before us in the present case.''

But in the case now before us, the question is squarely presented whether the county court has power to refuse, *without cause or reason* except the one purpose to prohibit pool halls, to grant a license in a case where *it is admitted there is no other reason for refusing.*

We are of the opinion that since the county court can exercise only such powers as are expressly or impliedly granted it by the Legislature, and since the Legislature has seen fit to delegate to such court the power to license pool tables, and has not granted the right to prohibit, the county court cannot, in a case where it is admitted there is no discretionary reason for refusing, withhold such license in order to prohibit the keeping of pool tables altogether. Where a county court has, in the rightful exercise of its discretionary power, refused to grant a license, its action therein is final since there is no method of appeal or review provided by the statute. But it cannot refuse a license where, under all the circumstances, it would grant it were it not attempting to prohibit that which the legislative power has not seen fit to have prohibited.

It follows that, in this case, the peremptory mandamus should issue directing the county court to grant relator the license. It is so ordered. All concur.